[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 17, 2005
THOMAS K. KAHN
CLERK

_____

No. 03-13389
Non-Argument Calendar

_____

D. C. Docket No. 02-00435-CR-C-NE

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODDRICK ANDERSON,
a.k.a. Buster,
WALTER PINCHON,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Northern District of Alabama

_____

(August 17, 2005)

Before BLACK, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Roddrick Anderson and Walter Pinchon appeal following their convictions

for possession with intent to distribute 5 or more grams of cocaine base, in

violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and conspiracy to possess with intent to distribute 50 or more grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846.

Anderson argues that the district court erred in light of *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738 (2005), by treating the United States Sentencing Guidelines as mandatory. Pinchon argues that the evidence was insufficient to support his convictions, and that the district court abused its discretion by denying his motion for a new trial.[1] We address the appellants' arguments in turn.

## I. Anderson

As to Anderson's *Booker* argument, plain error review applies. *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005), *cert. denied*, (U.S. June 20, 2005) (No. 04-1148). "An appellate court may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of

---

[1]Pinchon also argues, for the first time in his reply brief, that his sentence should be vacated and remanded in light of *Booker*. Because Pinchon did not raise this argument in his initial brief, we decline to review it. *See United States v. Silvestri*, 409 F.3d 1311, 1338 n. 18 (11th Cir. 2005).

judicial proceedings." *Id.* at 1298 (internal quotations omitted).

As we have noted, there are two types of *Booker* error: Sixth Amendment error and statutory error. *United States v. Shelton*, 400 F.3d 1325, 1300-31 (11th Cir. 2005). Sixth Amendment, or, "constitutional," *Booker* error occurs when a district court uses extra-verdict enhancements to increase a defendant's Guidelines range and then treats this range as mandatory. *Id.* Because the district court did not use extra-verdict enhancements to increase Anderson's sentence, there was no Sixth Amendment error. However, statutory *Booker* error occurs every time a district court treats the range as mandatory, regardless of whether it imposes any extra-verdict enhancements. *Id.*

Turning to the alleged statutory error, the first prong of the plain error analysis is satisfied because the district court treated the Sentencing Guidelines as mandatory. *See United States v. Martinez*, 407 F.3d 1170, 1173 (11th Cir. 2005). Similarly, the second prong is fulfilled because it is enough for the error to be clear at the time of appellate review. *Id.* The third prong is satisfied because the district court imposed concurrent sentences of 121 months each, the lowest sentences permitted by a mandatory reading of the Guidelines, and expressed a desire to sentence Anderson to a "much lighter sentence" than the Guidelines permitted. *See id.* at 1173-74.

Lastly, we have repeatedly held that the fourth prong is satisfied where a district court evinced a desire to impose a lower sentence than that permitted by the Guidelines, but sentenced the defendant within the Guidelines range based upon the mistaken belief that this range was mandatory. *United States v. Henderson*, 409 F.3d 1293, 1307-08 (11th Cir. 2005); *United States v. Dacus*, 408 F.3d 686, 689 (11th Cir. 2005); *Martinez*, 407 F.3d at 1174; *Shelton*, 400 F.3d at 1333-34.

We therefore reverse and remand for resentencing as to Anderson.

## II. Pinchon

*A. Sufficiency of the evidence*

As to Pinchon's argument that there was insufficient evidence to support his convictions, we review "challenges to the sufficiency of the evidence *de novo*, viewing the evidence in the light most favorable to the government." *United States v. Futrell*, 209 F.3d 1286, 1288 (11th Cir. 2000). The jury has the exclusive power to determine the credibility of witnesses. *United States v. Chastain*, 198 F.3d 1338, 1351 (11th Cir. 1999)

"In order to obtain a conviction under 21 U.S.C. § 841(a)(1), the Government must establish the existence of three elements: (1) knowledge (of one's possession); (2) possession of a controlled substance; and (3) intent to distribute that substance." *United States v. Wilson*, 183 F.3d 1291, 1299 n. 13

4

(11th Cir. 1999).  To obtain a conviction under  21 U.S.C. § 846, the government must "show (1) the existence of an agreement, (2) an overt act in furtherance of the conspiracy, (3) possession, (4) intent to distribute, and (5) a controlled substance." *United States v. Boldin*, 772 F.2d 719, 727 (11th Cir. 1985).

In the instant case, the government presented a videotape depicting the drug transaction that resulted in Pinchon's convictions.  On appeal, Pinchon and the government make contrary arguments about whether the seller's identity could be ascertained from this tape.  But it was within the province of the jury, after reviewing the videotape itself, to accept the government's version and reject Pinchon's.  Even assuming that the videotape did not establish Pinchon's guilt, however, the trial testimony alone was sufficient to support knowing possession with intent to distribute under § 841, conspiracy under § 846, and a guilty verdict.  Because the government presented testimony that, if credited, would justify Pinchon's convictions, the evidence was sufficient to justify the jury's guilty verdict.  *Chastain*, 198 F.3d at 1351.

B.      *Motion for a new trial*

As to Pinchon's argument that the district court erred by denying his motion for a new trial, we review the denial for an abuse of discretion.  *United States v. Ettinger*, 344 F.3d 1149, 1161 (11th Cir. 2003).

5

A defendant must meet five requirements to be entitled to a new trial based upon newly discovered evidence:

> (1) the evidence must be discovered following trial; (2) the movant must show due diligence to discover the evidence; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material to issues before the court; and (5) the evidence must be of such a nature that a new trial would probably produce a new result.

*United States v. Di Bernardo*, 880 F.2d 1216, 1224 (11th Cir. 1989).

Pinchon cannot satisfy the first requirement for obtaining a new trial because he claims to have discovered the new evidence, i.e., that two witnesses were associating, *during* the trial. Because the evidence upon which Pinchon relies was not discovered "following trial," he has not met the first requirement for obtaining a new trial, and the district court did not abuse its discretion by failing to grant his motion. We therefore affirm Pinchon's convictions.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**