[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 29, 2005
THOMAS  K. KAHN
CLERK

_____

No. 05-10382
Non-Argument Calendar

_____

D. C. Docket No. 04-20285-CR-PAS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NICKY MARTINEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

Before ANDERSON, CARNES and PRYOR, Circuit Judges.

PRYOR, Circuit Judge:

Nicky Martinez appeals his sentence for drug and firearm violations and

argues, for the first time, that the district court erred under United States v. Booker, – U.S. –, 125 S. Ct. 738 (2005), when it treated the Sentencing Guidelines as mandatory at sentencing. The government concedes that the district court plainly erred and that the sentence should be vacated and this case remanded for resentencing. During sentencing, the district court expressed an unequivocal desire to impose a sentence lower than the minimum sentence mandated by the Guidelines. Because the district court committed plain error when it applied the Sentencing Guidelines as mandatory and that error affected Martinez's substantial rights, we vacate and remand for resentencing.

## I. BACKGROUND

In September 2004, Nicky Martinez pleaded guilty to two counts of a ten-count indictment: conspiracy to possess with intent to distribute at least five kilograms of cocaine in violation of 21 U.S.C. sections 846 and 841(b)(1)(A), and using or carrying a firearm in furtherance of a violent and drug-related crime in violation 18 U.S.C. section 924(c)(1)(A). Because Martinez had two previous convictions for crimes of violence, he qualified for an enhanced sentence as a career offender. The career offender guideline provided for a Criminal History Category of VI. The resulting sentencing range under the Guidelines was 262 to 327 months' imprisonment for the cocaine charge, with 60 months to run

2

consecutively for the weapons charge.

At the sentencing hearing on January 6, 2005, Martinez stated that he did not "see any factual errors" in the Pre-Sentence Investigation report, "had not made any objections," and agreed that the Guidelines range was correct as calculated. Martinez did, however, move for a downward departure in the Criminal History Category because the two previous felony convictions that qualified Martinez as a career offender occurred ten years earlier, when he was only 19. Martinez made no other argument for reducing his sentence, and Martinez's counsel noted that, "[o]ther than [the downward departure], I don't believe there is really anything the Court can do [to reduce the sentence], unless the Court sees something that I don't." The district court granted the downward departure and recalculated the applicable Guideline range for the cocaine charge at 235 months to 293 months.

During the hearing, the court repeatedly expressed a concern that the Guideline range was too high, asking rhetorically "[a]m I using a sledge hammer when a hammer would be just as effective." The transcript recorded numerous statements of the district court indicating frustration with the Guideline minimum sentence:

> [A]lthough the government may take me up on appeal, I think that this
> is a case that warrants the exercising of the discretion to not give him
> the straight career criminal category, but to go down. Unfortunately
> the Sentencing Guidelines limit me to just going down one level. So I

3

have done that. I understand he is trying to cooperate with the government. I don't have as much room to play here as I–and I am getting no–

...

I exercised my discretion and went downward from where I would have started at, 262 [months], to 235 [months]. If I could go [farther], I might consider doing that. But I have talked with [the probation officer]. The two of us have studied the books to see if there is any way that we can do it legally. And we, as [defense counsel] said, and he has done it too, we can't find any other way.

...

The Court has considered the statements by all of the parties and reviewed the Presentence Investigation Report. The Court will impose a sentence within the guidelines, at the very bottom of the guidelines, since the term of imprisonment is more than sufficient punishment and deterrent.

...

MS. LAGOA: And, Your Honor, also to be clear on the record, the government has no objection to the sentence imposed."

THE COURT: Oh, thank God. Is there any way we can make it shorter?

MS. LAGOA: No.

THE COURT: I hope that you are able to be back here for a Rule 35 in some way shape or another, Mr. Martinez, because I do feel that you have the abilities to make a very positive contribution.

The court imposed no fine, sentenced Martinez to 235 months for the cocaine charge and 60 months for the firearms charge, and recommended an intensive drug treatment program "so that he will be eligible for an additional year off his sentence...."

Martinez filed a notice of appeal on January 18, 2005. Before Martinez filed his initial brief on appeal, he filed a "Motion for Temporary Relinquishment of

4

Jurisdiction to the Trial Court," in which Martinez requested that we return his case to the district court for reconsideration of his sentence in the light of the decision of the Supreme Court in <u>Booker</u>. Martinez's unconventional motion is now before us, and we construe it as a motion for summary reversal. <u>See</u> <u>N.L.R.B. v. Amalgamated Clothing Workers of Am., AFL-CIO, Local 990</u>, 430 F.2d 966, 971 n.13 (5th Cir. 1970) (citing <u>Groendyke Transp., Inc., v. Davis</u>, 406 F.2d 1158, 1161 n.6 (5th Cir. 1969)). We then directed the government to file a letter brief regarding the merits of Martinez's appeal.

## II. DISCUSSION

Because Martinez did not object to the conclusion of the district court that it was bound by the Guidelines as mandatory, our review is for plain error. We "may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." <u>United States v. Rodriguez</u>, 398 F.3d 1291, 1298 (11th Cir. 2005) (internal quotations and citations omitted). As the government concedes, Martinez prevails even under this circumscribed review.

Martinez easily satisfies the first and second prongs of the plain error test.

5

The district court erred when it sentenced Martinez because it considered the Guidelines to be mandatory. United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005). Although the error was not plain at the time of sentencing, "where the law at the time of trial was settled and clearly contrary to the law at the time of appeal ... it is enough that the error be 'plain' at the time of appellate consideration." Johnson v. United States, 520 U.S. 461, 468, 117 S. Ct. 1544, 1549 (1997). Under Booker, application of the Guidelines as mandatory is now plainly error.

The third prong requires Martinez to show that the plain error "affects [his] substantial rights," and that the error "actually did make a difference." Rodriguez, 398 F.3d at 1298. "[I]n applying the third prong, we ask whether there is a reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion by the sentencing judge in this case." Id. at 1300. Martinez satisfies this exacting standard.

As recounted above, the district court made repeated comments during the sentencing hearing that displayed frustration with its inability to impose a sentence lower than the Guideline minimum. The court did not merely state that it "might consider" imposing a lower sentence if not precluded by the Guidelines; rather, the court asked if there was "any way we can make [the sentence] shorter," stated that

6

the court had unsuccessfully "studied the books to see if there is any way that we can [reduce the sentence] legally," and expressed regret that "[u]nfortunately the Sentencing Guidelines limit me to just going down one level. ... I don't have as much room to play here as I–...."  These comments establish that there is a reasonable probability that the district court would have imposed a more lenient sentence if the court had considered the Guidelines to be advisory.

"Finally, under the fourth prong of plain-error review, we consider whether the 'plain error' at sentencing 'seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings.'" Shelton, 400 F.3d at 1333 (citations omitted). Shelton provides that Martinez prevails under this prong:

> The district court in this case indicated an express desire to impose a sentence lesser than the low end of the Guidelines range of 130 months' imprisonment, and the Supreme Court in Booker plainly indicated that the district court now has the discretion to do so, provided the resulting sentence is reasonable in light of the § 3553(a) factors. Under these circumstances, defendant Shelton has carried his burden to establish the fourth prong and has shown that the plain error that affected his substantial rights also seriously affected the fairness, integrity or public reputation of the judicial proceedings in his particular case.

Id. at 1333-34.  Because the district court expressed a clear desire to impose a more lenient sentence and Booker provides that the district court had the authority to consider the Guidelines as advisory, the plain error of applying the Guidelines in a mandatory fashion seriously affected the fairness, integrity or public reputation of

7

Martinez's sentencing.

### III. CONCLUSION

Martinez's motion for summary reversal is **GRANTED**. Martinez's sentence is **VACATED** in its entirety and this matter is **REMANDED** to the district court for a new sentencing hearing. At the new sentencing hearing, the district court must consider the Guidelines range along with the statutory factors contained in 18 U.S.C. section 3553(a).