[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-16066
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 13, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00015-CR-5-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM ERIC JACKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(June 13, 2005)

Before TJOFLAT, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

On May 26, 2004, appellant pled guilty pursuant to a plea agreement to distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1). The charge was based on appellant's sale of 1.4 grams of cocaine base to a confidential informant

for $300 on February 2, 2004.  On November 3, 2004, the district court, using the mandatory provisions of the Sentencing Guidelines, sentenced appellant as a career offender to a prison term of 188 months.  He now appeals his sentence, contending that United States v. Booker, 543 U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), which retroactively applies to his case, precluded the court from applying the Guidelines in a mandatory fashion; instead, the court should have treated the guidelines as discretionary.[1]

Because appellant did not present this objection to the district court prior to the imposition of sentence and judgment of conviction, we will not disturb his sentence unless we find that it is the product of plain error.   See Fed. R. Crim. P. 52(b); United States v. Rodriguez, 398 F. 3d 12191 (11th Cir. 2005), rehearing en banc denied, ___ F. 3d ____, 2005 WL 895174 (11th Cir. Apr. 19, 2005).

To satisfy the plain-error standard, we must find that (1) the district court committed "error," (2) the error was plain or obvious, and (3) the error "affected [the defendant's] substantial rights" in that the error was prejudicial.  United States

---

[1] We do not read appellant's brief as contending that the Sixth Amendment, as applied to a sentencing hearing under Booker, precluded the district court from enhancing appellant's sentence based on his prior convictions.  The court relied on his prior convictions, rather than some other fact(s) not admitted by appellant and found by the court by a preponderance of the evidence at the sentencing hearing.  Booker does not alter the Court's holding in Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d (1998). See United States v. Shelton, 400 F. 3d 1325, 1329 (11th Cir. 2005).  Thus, the Booker error we are concerned with is the court's treatment of the Guidelines as mandatory rather than discretionary.

2

v. Olano, 507 U.S. 725, 730-32, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993). Concerning the third prong, in most cases the error will be prejudicial if it "affected the outcome of the district court proceedings." Id. at 734, 113 S.Ct. at 1778. If these criteria are met, we may, in our discretion, correct the plain error if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Id. at 736, 113 S.Ct. at 1779 (internal quotations and citation omitted).

In Rodriguez, 398 F.3d at 1299-1300, petition for cert. filed, (Feb. 23, 2005) (No. 04-1148), we elaborated on the third prong of the plain error test in the context of a Booker issue and held that for an error to have affected substantial rights, the error "must have affected the outcome of the district court proceedings." Id. at 1299 (internal quotations omitted). It is the defendant who bears the burden of persuasion with regard to this issue of prejudice. Id.

> [I]f the effect of the error is uncertain so that we do not know which, if either, side it helped the defendant loses. Where errors could have cut either way and uncertainty exists, the burden is the decisive factor in the third prong of the plain error test, and the burden is on the defendant.

Id. at 1300.

Appellant meets the first two prongs of the plain error test; the court erred when it applied the guidelines as mandatory, and the error is now plain. He has

3

failed, however, to satisfy the third prong of the plain error test.

Appellant received a sentence at the bottom of the Guidelines range. Absent any indication that the district court would have imposed a lower sentence had it treated the Guidelines as advisory, that fact that he received a sentence at the bottom of the range is not sufficient to satisfy the third prong. United States v. Fields, No. 04-12486, manuscript op. at 8-9 (11th Cir. May 16, 2005). In contrast, where the district court clearly indicated that it would have imposed a lower sentence were it not bound by the Guidelines, plain error occurred. See United States v. Dacus, No. 04-15319, slip op. at 2114 (11th Cir. May 3, 2005) (finding plain error where the district court stated that it would "'certainly consider' granting [a] downward departure if it had the legal authority to do so."); United States v. Martinez, No. 05-10382, slip op. at 2059 (11th Cir. April 29, 2005) (finding plain error where the district court repeatedly expressed its desire to impose a lower sentence but determined that it could not do so under the sentencing guidelines); Shelton, 400 F.3d at 1332-34 (finding plain error where the district court repeatedly stated that the sentence was too severe and sentenced the defendant to the bottom of the guideline range).

At no point during appellant's sentencing hearing did the court express a clear desire to impose a sentence below the guideline range. Although the court

said that the sentence it was imposing was "unfortunate" and that it was bound by the Guidelines, it also said that the sentence reflected appellant's criminal history and that his past had simply "caught up to him."

In sum, appellant has failed to show prejudice.  For this reason, we need not consider the fourth prong of the plain error test.

AFFIRMED.