[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-10905

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 17, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 01-00152-CR-ORL-18-DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AL VERNON BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 17, 2005)

Before BLACK and HULL, Circuit Judges, and HODGES[*], District Judge.

PER CURIAM:

_____

[*] Honorable Wm. Terrell Hodges, United States District Judge for the Middle District of
Florida, sitting by designation.

Al Vernon Brown appeals his sentence imposed after pleading guilty to possession with intent to distribute 500 grams or more of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii). He asserts the district court: (1) erred in determining it could not consider, on remand, his argument that the prosecutor improperly induced him to plead guilty, and (2) violated his constitutional rights in sentencing him as a career offender in violation of *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2005). We hold the district court did not err in determining it could not consider Brown's argument that his guilty plea was improperly induced, but plainly erred in sentencing Brown under a mandatory Guidelines system. We reverse and remand for resentencing consistent with *Booker*.

## I. BACKGROUND

Brown pled guilty to possession with intent to distribute 500 grams or more of cocaine hydrochloride. Prior to the sentencing hearing, Brown filed pro se motions to withdraw his guilty plea and to dismiss his court-appointed counsel, which the district court denied. During the sentencing hearing, the prosecutor noted there had been no discussion of the applicability of the career offender provision during Brown's plea colloquy. The district court decided not to apply

2

the enhancement because it had not been discussed. As a result, the district court sentenced Brown to 137 months' imprisonment.

Brown appealed his conviction asserting the district court abused its discretion by denying his motions to withdraw his guilty plea and to dismiss his court-appointed attorney. The Government cross-appealed Brown's sentence, arguing the district court erred by failing to sentence Brown as a career offender. This Court held the district court did not abuse its discretion in denying Brown's motions to withdraw his guilty plea and to dismiss his attorney. In response to Brown's argument that the Government had induced him to plead guilty by agreeing his sentence would be no more than five or six years, we held the record did not reflect such an agreement—the district court made clear that any numbers mentioned during the plea colloquy were just estimates and that many factors, including his criminal history, would be considered in determining his sentence. We further determined Brown met all the criteria for applying the career offender enhancement, and concluded the district court's failure to apply the enhancement was error because the plain language of the Guidelines required the district court to sentence Brown as a career offender. Thus, we affirmed Brown's conviction, but vacated his sentence and remanded the case with instructions that the district court resentence Brown as a career offender with an offense level of 34, a criminal

3

history category of VI, and a sentencing range of 262 to 327 months' imprisonment.

On remand, Brown moved the district court to reconsider his motion to withdraw his guilty plea, arguing he was coerced into pleading guilty, and did not understand the consequences of his guilty plea with respect to the career offender enhancement. He asserted he was misled by the predictions of his attorney and the prosecutor as to the sentence he faced. Brown also objected to the career offender enhancement, arguing the Government failed to sufficiently prove the career offender enhancement applied.

The district court concluded, in light of this Court's mandate, that it had no authority to grant Brown's motions, and denied them. During the resentencing hearing, the district court indicated throughout the hearing that it had no discretion in applying the career offender provision, and stated: "I did feel the 137 months I gave you originally was a more appropriate sentence, but based on the instruction I've received from the Eleventh Circuit, it is my obligation to sentence you within the range of 262 to 327 months, so I'm going to sentence you to 262 months."

## II. DISCUSSION

A.    *Improper Inducement of Guilty Plea*

Brown asserts prosecutors are required to inform a defendant who is pleading guilty that he is eligible for sentencing as a career offender and may face a sentence higher than the defendant's counsel predicted. He also argues the law of the case doctrine did not bar the district court from considering the issue, and, alternatively, the district court could have addressed the issue under the manifest injustice exception to the doctrine and its inherent supervisory authority over matters occurring before it.

"A district court when acting under an appellate court's mandate, cannot vary it, or examine it for any other purpose than execution; or give any further relief; or review it, even for apparent error, upon a matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded." *United States v. Tamayo*, 80 F.3d 1514, 1520 (11th Cir. 1996) (quotations and citation omitted). "Our settled circuit law obligates a district court to follow our mandates, and not to assert jurisdiction over matters outside the scope of a limited mandate, which constitutes abuse of discretion." *Id.* (internal citation omitted).

In our mandate, this Court specifically instructed the district court to sentence Brown as a career offender, indicating the applicable offense level,

5

criminal history category, and Guidelines range. The district court was obligated

to address only the issue presented by this Court's mandate, *see id.*, and it did not

err in determining that it did not have the authority to entertain Brown's argument

that the prosecutor induced him to plead guilty.

B.    *Blakely/Booker*

Brown contends the district court violated his constitutional rights in

sentencing him as a career offender, in violation of the Supreme Court's holdings

in *Blakely* and *Booker*.  We review this argument for plain error because Brown

raised it for the first time in his initial brief on appeal.  *See United States v.*

*Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005).

> An appellate court may not correct an error the defendant failed to
> raise in the district court unless there is: (1) error, (2) that is plain, and
> (3) that affects substantial rights.  If all three conditions are met, an
> appellate court may then exercise its discretion to notice a forfeited
> error, but only if (4) the error seriously affects the fairness, integrity,
> or public reputation of judicial proceedings.

*Id.* (internal quotations and citation omitted).  We have clarified there are two

types of *Booker* error:  (1) Sixth Amendment, or constitutional, error based upon

sentencing enhancements, imposed under a mandatory Guidelines system, neither

admitted by the defendant nor submitted to a jury and proven beyond a reasonable

doubt; and (2) statutory error based upon sentencing under a mandatory

6

Guidelines system. *United States v. Shelton*, 400 F.3d 1325, 1329–30 (11th Cir. 2005).

1. *Constitutional Error*

A district court does not commit *Booker* constitutional error by relying on past convictions to enhance a defendant's sentence. *Shelton*, 400 F.3d at 1329. Because Brown's career offender enhancement is based on past convictions, there is no constitutional error.[1]

2. *Statutory Error*

Brown meets both the first and second prongs of plain-error review for statutory error because he was sentenced under a mandatory Guidelines system. *See Shelton*, 400 F.3d at 1330–31. Under the third prong of plain-error review, "we ask whether there is a reasonable probability of a different result if the [G]uidelines had been applied in an advisory instead of binding fashion by the

---

[1] Brown argues the career offender enhancement contains factual components not related to the mere fact of conviction. In supplemental authority, Brown argues that *United States v. Shepard*, 125 S. Ct. 1254 (2005), mandates a jury must find the facts underlying his prior convictions that trigger enhancements. We disagree. *Shepard* reaffirmed "a *court* . . . could look to statutory elements, charging documents, and jury instructions to determine whether an earlier conviction" qualified as a violent felony. *Id.* at 1257 (emphasis added). While *Shepard* limited the categories of material a court could consider in making a violent felony determination, it did not take away a judge's power to pass on this matter of law or even suggest it was appropriate for jury consideration. *See United States v. Marcussen*, 403 F.3d 982, 984 (8th Cir. 2005) ("The Supreme Court's post-*Booker* opinion in *Shepard v. United States* lends further support to the rule that the sentencing court, not a jury, must determine whether the prior convictions qualify as violent felonies.").

sentencing judge in this case." *Rodriguez*, 398 F.3d at 1301. It is the defendant's burden to show he meets this test. *Id.* at 1299.

Brown has met the burden of showing there is a reasonable probability of a different result if the Guidelines had been applied in an advisory fashion. During the resentencing hearing the district court stated several times it opposed enhancing Brown's sentence, but believed it had no discretion in the matter as a result of this Court's mandate. The district court specifically stated: "I did feel the 137 months I gave you originally was a more appropriate sentence, but based on the instruction I've received from the Eleventh Circuit, it is my obligation to sentence you within the range of 262 to 327 months, so I'm going to sentence you to 262 months." The district judge's comments establish a reasonable probability the district court would have imposed a more lenient sentence if it had applied the Guidelines in an advisory fashion. *See United States v. Martinez*, 407 F.3d 1170, 1174 (11th Cir. 2005).

Brown also meets the fourth prong of plain-error review. "Because the district court expressed a clear desire to impose a more lenient sentence and *Booker* provides that the district court had the authority to consider the Guidelines as advisory, the plain error of applying the Guidelines in a mandatory fashion

seriously affected the fairness, integrity or public reputation of [Brown's] sentencing." *See id.*

### III. CONCLUSION

The district court did not err in determining it did not have the authority to entertain Brown's argument that the prosecutor induced him to plead guilty. The district court, did, however, plainly err in treating the Guidelines as mandatory. Thus, we vacate and remand for resentencing in light of *Booker*. We note the district court correctly calculated Brown's Guidelines range of 262 to 327 months' imprisonment. *See United States v. Crawford*, 407 F.3d 1174, 1178–79 (11th Cir. 2005) (stating after *Booker*, district courts must consult the Guidelines and "[t]his consultation requirement, at a minimum, obliges the district court to calculate *correctly* the sentencing range prescribed by the Guidelines"). Thus, on remand, the district court is required to sentence Brown according to *Booker*, considering the Guidelines advisory range of 262 to 327 months' imprisonment and "other

statutory concerns as well, see [18 U.S.C.] § 3553(a) (Supp. 2004)." *Booker*, 125

S. Ct. at 757.[2]

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**

---

[2] We do not mean to imply that on remand the district court must impose a lesser sentence.  Rather, we merely hold Brown met his burden of showing *Booker* statutory plain error. We also will not attempt to decide now whether a particular sentence below the Guidelines range might be reasonable in this case.