[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**

**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**June 27, 2005**
**THOMAS  K. KAHN**
**CLERK**

No. 04-12905
Non-Argument Calendar

_____

D.C. Docket No. 03-20967-CR-PAS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEAN ROBERT CLEDANOR,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

**(June 27, 2005)**

**ON REMAND FROM THE SUPREME COURT**
**OF THE UNITED STATES**

Before HULL, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Defendant-appellant Jean Robert Cledanor pleaded guilty to illegal re-entry, in violation of 8 U.S.C. § 1326. Cledanor admitted that he had a prior conviction, that he had been deported, and that he did not have permission to re-enter the United States. In calculating the sentence, the district court imposed an enhancement based on Cledanor's prior drug-trafficking conviction and sentenced Cledanor to twenty-four months imprisonment and two years supervised release. Cledanor appealed, asserting that (1) his sentence was unconstitutional under Blakely v. Washington, 542 U.S. – 124 S.Ct. 2531, – L.Ed.2d – (2004), and (2) that the enhancement was improper. After we affirmed the sentence, the U.S. Supreme Court granted certiorari, vacating and remanding the decision in light of United States v. Booker, 543 U.S. –, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

In Booker, the Supreme Court applied the Blakely decision to the Federal Sentencing Guidelines, holding that the mandatory nature of the federal guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial. 125 S.Ct. at 749-52. The Court explicitly reaffirmed its rationale that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 125 S.Ct. at 756.

Cledanor did not raise a <u>Booker</u> challenge to his sentence before the district court; therefore, we review for plain error.[1]  <u>United States v. Rodriguez</u>, 398 F.3d 1291, 1301, 1306 (11th Cir.), <u>petition for cert. pending</u>, No. 04-1148 (Feb. 23, 2005).  "Plain error occurs where (1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Id.

Cledanor's enhancement was based on a prior conviction.  Even after <u>Booker</u>, such an enhancement does not violate the Sixth Amendment.  <u>See</u> <u>United States v. Orduno-Mireles</u>, 405 F.3d 960, 962-63 (11th Cir. 2005); <u>Camacho-Ibarquen</u>, 404 F.3d at 1290. Thus, there is no constitutional error in Cledanor's sentence.

We have, however, recognized that a statutory <u>Booker</u> error may result from the mandatory application of the guidelines, absent any enhancement.  As this court has explained, although a statutory <u>Booker</u> error may meet the first two prongs of the plain error test, to meet the third prong, Cledanor must show that his sentence would have been different but for the mandatory application of the

---

[1]  Cledanor raised several challenges to his sentence, but we need not revisit those issues here, as they are unchanged by the <u>Booker</u> decision.  <u>See</u> <u>United States v. Camacho-Ibarquen</u>, 404 F.3d 1283 (11th Cir. 2005) (rejecting similar challenges).

guidelines.  See United States v. Shelton, 400 F.3d 1328, 1330 (11th Cir. 2005);

see also United States v. Martinez, 407 F.3d 1170 (11th Cir. 2005) (holding, under

plain error review, that the mandatory application of the sentencing guidelines

affected Martinez's substantial rights because the court indicated its frustration

with the severity of the guideline sentence).

Here, Cledanor has met that burden.  The district court expressed its concern

over the sentence required under the guidelines, stating that "I see your argument,

I would like to go with the argument, I think that in the scales that the clear

language is that I must follow 2L1.2(b)(1)(B), and I regretfully overrule the

objection."  The court further stated that it was "very sorry to impose the

sentence," and that it would impose the "lowest sentence possible."  Thus, under

Shelton, this statutory error warrants remand.

Accordingly, we VACATE and REMAND for resentencing.