[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 7, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-16676
Non-Argument Calendar

_____

D. C. Docket No. 04-20192-CR-PAS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE LUIS RIVERO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 7, 2005)**

Before CARNES, HULL and WILSON, Circuit Judges.

PER CURIAM:

A jury convicted Jorge Luis Rivero of conspiracy to receive stolen goods, in violation of 18 U.S.C. § 371, and possession of stolen goods, in violation of 18 U.S.C. § 659. The district court imposed a sentence of 30 months. Rivero argues that the district court erred by admitting evidence, which the government did not turn over until the eve of the trial, which he says violated Fed. R. Crim. P. 16. In addition, Rivero argues that the district court violated his constitutional rights as defined by United States v. Booker, 543 U.S. ___, 125 S. Ct. 738 (2005), by making extra-verdict enhancements to his sentence and sentencing him under a mandatory guidelines scheme.

## I.

On the first day of his trial, Rivero moved the district court to exclude evidence, pursuant to Fed. R. Crim. P. 16, that the government planned to use in its case-in-chief. He argued the evidence should be excluded because it had not been disclosed to his counsel until the afternoon before the trial was to begin. According to Rivero, this was the only evidence that the government had to show which items were recovered from his warehouse and without it the government could not prove that any items found in the warehouse were stolen from Best Buy. (The belatedly disclosed evidence was a spreadsheet showing the items that had been stolen from a Best Buy truck, recovered from Rivero's warehouse and

2

returned by the police to Best Buy.)

Rule 16(a)(1)(E) states that "the government must permit the defendant to inspect and to copy . . . documents . . . if the item is within the government's possession, custody, or control and: . . . (ii) the government intends to use the item in its case-in-chief at trial." Fed. R. Crim. P. 16(a)(1)(E). There is some question here whether the evidence was actually in the government's possession, custody, or control since it apparently did not receive that evidence itself until the day before the trial.

However, we need not decide if there was a discovery violation here, because even if there were, admission of the new evidence does not require reversal because Rivero has not shown that he suffered prejudice to his substantial rights. United States v. Rodriguez, 799 F.2d 649, 652 (11th Cir. 1986) (even if evidence should have been excluded because of the government's failure to disclose it sooner, a defendant still "must show prejudice to substantial rights").

We said, in Rodriguez, that "actual prejudice will often turn on the strength of the [g]overnment case." Id. "[T]he degree to which [a defendant's trial] rights suffer as a result of a discovery violation is determined not simply by weighing all the evidence introduced, but rather by considering how the violation affected the defendant's ability to present a defense." United States v. Noe, 821 F.2d 604, 607

3

(11th Cir. 1987).  Substantial rights are violated when the defendant is "unduly surprised and lacks an adequate opportunity to prepare a defense."  United States v. Bueno-Sierra, 99 F.3d 375, 380 (11th Cir. 1996).

Rivero had an adequate opportunity to prepare a defense.  Well before trial he had copies of documents showing all the items that were stolen from the truck, items he was charged with possessing.   Although the new evidence was not disclosed to him until the day before trial, the district court twice asked if he wanted to delay the start of the trial in order to allow him to review that evidence.  After some discussion, Rivero asked for and was given a shorter delay than the court offered him.  The government, at the district court's urging, gave Rivero the opportunity to interview before the trial began the witness through whom the new evidence was presented.

Not only did Rivero have a full opportunity to prepare his defense, but the government also had more than enough proof  to support its case, even absent the disputed evidence.  The testimony of Detective Lewis as to the photographs of the stolen Best Buy boxes lined up wall-to-wall in Rivero's warehouse, the bill of lading and the manifest from the stolen Best Buy shipment found in Rivero's warehouse, the property receipt that noted 991 Best Buy packages in the warehouse, and the sticker with the batch number matching the bill of lading and

4

manifest overwhelmingly supported the jury's finding of guilt without the spreadsheet.

Accordingly, we affirm the district court's denial of Rivero's motion to exclude evidence.

**II.**

Rivero's second challenge is that his constitutional rights, as explicated in Booker, were violated during sentencing. The Presentence Investigation Report (PSI) set the base offense level at four. Rivero received an eleven level enhancement, pursuant to § 2B1.1(b)(1)(L), because the value of the stolen property was more than $350,000. He also received a two level enhancement, pursuant to § 2B1.1(b)(4)(A), because the offense involved more than minimal planning, bringing his total offense level to seventeen. With a criminal history category of III, the sentencing range was 30 to 37 months.

Rivero objected to the eleven level enhancement, claiming that it would be a violation of his constitutional rights under Blakely to use an extra-verdict finding to make an enhancement. Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004). The district court overruled the objection and sentenced Rivero to 30 months' imprisonment.

Where a defendant timely raised a Booker objection in the district court, we

review the claim on appeal de novo, but reverse only for harmful error. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005). The burden is on the government to show that the error was harmless. Id. The government concedes that it cannot show that the error was harmless, and we agree.

Rivero argues that on remand the maximum sentence he should receive is the one that the guidelines would have required if there were no extra-verdict enhancements. In other words, he asks us to ignore the Supreme Court's instructions about what should be done in the wake of its Booker decision. See Booker, 125 S. Ct. at 769. We decline to do so. As we have explained before, on remand for resentencing in light of Booker a district court is to apply the guidelines in an advisory manner and fashion a reasonable sentence in light of that advice and the 18 U.S.C. § 3553(a) factors. United States v. Davis, 407 F.3d 1269 (11th Cir. 2005); United States v. Martinez, 407 F.3d 1170 (11th Cir. 2005). Doing so does not violate due process or ex post facto principles. See United States v. Duncan, 400 F.3d 1297, 1306–07 (2005).

The advice the district court receives from its guidelines calculation must be accurate, and that leads us to Rivero's final argument. He contends that the loss enhancement should be reduced by one point from eleven to ten. His argument is that it was error for the district court to include the unrecovered Best Buy goods

and the stolen truck in the calculation of loss.

The inclusion of the unrecovered Best Buy goods is irrelevant to the loss enhancement. The district court calculated the total amount of loss to be $497,257.59. The defense proposed a value of approximately $50,000 for the missing Best Buy goods. The dividing line between a ten and eleven level enhancement is $350,000. Because subtracting $50,000 from the $497,257.29 total yields a result that is still above $350,000, the value of the missing merchandise does not matter. The value of the stolen truck, which is $150,000, does matter, because its inclusion did affect the size of the enhancement.

The district court determined by a preponderance of the evidence that the value of the truck should be included in the amount of loss. We review the district court's loss calculations under the Sentencing Guidelines only for clear error. United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005); United States v. Dominguez, 109 F.3d 675, 676 (11th Cir. 1997).

There was no clear error here. The truck driver provided uncontroverted evidence that the truck was stolen. The merchandise in that stolen truck appeared in Rivero's warehouse within 24 hours and he was convicted by a jury of possession of the merchandise from that stolen truck. While Rivero argues that the most that can be established from these facts is a buyer-seller relationship between

Rivero and whoever stole the truck, we can not say that the district court clearly erred in finding by a preponderance of the evidence that the stolen truck was a loss attributable to Rivero.

Rivero's conviction is **AFFIRMED**.  His sentence is **VACATED** and **REMANDED** for further proceedings consistent with this opinion.