[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 30, 2005
THOMAS K. KAHN
CLERK

No. 04-14103

_____

D. C. Docket No. 03-00075-CR-RV

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MACIEJ  MATUSZEWSKI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(November 30, 2005)

Before BIRCH, WILSON and COX, Circuit Judges.

PER CURIAM:

Maciej Matuszewski appeals his conviction and his 30-month sentence for

possessing stolen motor vehicles in violation of 18 U.S.C. §§ 2 and 2313, and for

conspiring to sell or receive stolen vehicles in violation of 18 U.S.C. §§ 371 and 2313. He argues that the evidence was insufficient to support the jury's verdicts. Matuszewski also contends that the district court violated *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), when it enhanced his sentence for obstructing justice.

We first address Matuszewski's contention that the evidence was insufficient to support his guilty verdicts and that the district court erred in denying his motion for the entry of a judgment of acquittal. We review the denial of a motion for a judgment of acquittal de novo, and will affirm the conviction "unless, under no reasonable construction of the evidence, could the jury have found the appellant[] guilty beyond a reasonable doubt." *United States v. Garcia*, 405 F.3d 1260, 1269 (11th Cir. 2005) (per curiam). Matuszewski argues that the evidence did not prove beyond a reasonable doubt that he had knowledge that the vehicles in his possession were stolen. The government presented evidence that six stolen vehicles' vehicle identification numbers ("VINs") were replaced with VINs from salvaged vehicles that Matuszewski purchased. The stolen vehicles were found in Matuszewski's possession. The stolen vehicles were stolen after Matuszewski purchased the salvaged vehicles. As to the conspiracy charge, the government presented evidence establishing that Matuszewski and his brother together

2

executed the scheme and both solicited the help of a third individual in an attempt to defraud an insurance company. This evidence was sufficient to establish beyond a reasonable doubt that Matuszewski knowingly possessed stolen motor vehicles and conspired to sell or receive the stolen motor vehicles. As such, we affirm the district court's denial of the motion for the entry of a judgment of acquittal.

Next, Matuszewski argues that his sentence should be vacated pursuant to *Booker*. *Booker* held that the mandatory and binding provisions of the United States Sentencing Guidelines were unconstitutional. *See Booker,* 125 S. Ct. at 764. Matuszewski failed to raise an objection on *Booker* grounds during his sentencing in the district court. "An appellate court may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir.) (quotation omitted), cert. denied, ___ U.S. ___, 125 S. Ct. 2935, 162 L. Ed. 2d 866 (2005). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* It is clear that the district court sentenced Matuszewski as prescribed by the United States Sentencing Guidelines, which the district court considered mandatory at the time of sentencing. The district court therefore committed an error that was plain

3

in light of *Booker*.

However, Matuszewski must still satisfy the third prong of plain error review by demonstrating that his substantial rights were affected. To satisfy this third prong, Matuszewski must show that there is a reasonable probability that a more lenient sentence would have been imposed under an advisory guidelines system. *See United States v. Fields*, 408 F.3d 1356, 1360-61 (11th Cir. 2005). Sentencing to the bare minimum, alone, is not enough to demonstrate a reasonable probability that the sentence would be different under an advisory guidelines system. *Id*. But where the trial judge indicates frustration with the severity of the minimum sentence under the Guidelines, we have held that the defendant meets the burden of showing a reasonable probability that a more lenient sentence would have been imposed under an advisory system. *See United States v. Martinez*, 407 F.3d 1170, 1173-74 (11th Cir. 2005).

Matuszewski was sentenced to the minimum of the sentencing range of 30 to 37 months. The district court stated that the bare minimum was being applied because Matuszewski was new to this country and had limited experience with our customs. Also, the district court stated that Matuszewski had been "industrious, hard-working and conscientious" while he has been here. These comments do not suggest any frustration at having to sentence the defendant to at least 30 months.

Instead, the district court merely gave Matuszewski consideration for being a newcomer to the United States and an otherwise hard-working individual. The burden is on the defendant to demonstrate a reasonable probability that his sentence would be different under an advisory guidelines system. Matuszewski fails to meet this burden. Accordingly, we affirm both Matuszewski's convictions and sentence.

**AFFIRMED.**