[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 16, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14691
Non-Argument Calendar

_____

D. C. Docket No. 05-00032-CR-T-26-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENDRICK GEORGE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(August 16, 2006)**

Before ANDERSON, CARNES  and PRYOR , Circuit Judges.

PER CURIAM:

Kendrick George appeals his 180-month sentence, arguing for the first time

that the district court's sentencing of him as an armed career criminal, without his admitting, or a jury finding, that he had three prior violent felony convictions, is unconstitutional. On appeal, he argues that the fact-finding to establish that his conviction for escape from confinement was a "violent felony" under the Armed Career Criminal Act (ACCA) "went beyond a simple ministerial determination as to whether [he had] previously been convicted of a crime." According to George, determining the factual nature of a prior conviction, as required in this case, is reserved for a jury under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

To preserve a Booker error for appellate review, a defendant must either (1) refer to the Sixth Amendment, or Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) or the Apprendi-line of cases, (2) raise the right to have the jury decide the disputed fact, or (3) raise a challenge to the role of the judge as fact-finder with regard to sentencing. United States v. Dowling, 403 F.3d 1242, 1246 (11th Cir. 2005), cert. denied, 126 S.Ct. 462 (2005). In the district court, George argued that United States v. Webb, 139 F.3d 1390 (11th Cir. 1998) and United States v. Spell, 44 F.3d 936 (11th Cir. 1995) allowed the court to look beyond the judgment of conviction to the underlying conduct to see that George's

2

escape conviction involved the failure to return from work release and, thus, was not a violent felony.  He did not argue that <u>Booker</u>, <u>Blakely</u>, or <u>Shepard v. United States</u>, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005) required a jury to determine whether his conviction was a "violent felony," nor that classification of his conviction as such violated his constitutional rights.  Rather, he argued that <u>Webb</u> and <u>Spell</u> allowed the <u>court</u> to look beyond the conviction to the underlying conduct.  George's "attorney clearly understood the judge's role as the fact-finder by a preponderance of the evidence, and never challenged that."  <u>Dowling</u>, 403 F.3d at 1246.  Therefore, George, despite objecting to the classification of his conviction for escape from confinement as a "violent felony" for purposes of the ACCA, failed to preserve the constitutional issue below.

Where a defendant fails to preserve an issue below, this Court reviews for plain error.  <u>United States v. Martinez</u>, 407 F.3d 1170, 1173 (11th Cir. 2005).  We "may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights.  If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  <u>Id.</u> (internal quotations and citation omitted).

"The Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), provides a mandatory minimum sentence of fifteen years for anyone who violates 18 U.S.C. § 922(g)[, by illegally possessing a firearm] after three convictions for a violent felony or a serious drug offense." United States v. Greer, 440 F.3d 1267, 1269 (11th Cir. 2006). See also 18 U.S.C. § 924(e). Guideline § 4B1.4 implements § 924(e). See U.S.S.G. § 4B1.4, comment. (n. 4).

In Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the Supreme Court held that a prior conviction is not a fact which must be alleged in the indictment or found by a jury beyond a reasonable doubt. See United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005). In its subsequent decisions in Apprendi, as well as Blakely and Booker, the Supreme Court reaffirmed the holding in Almendarez-Torres. See Shelton, 400 F.3d at 1329. In Apprendi, the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490, 120 S.Ct. at 2362-63. The Court revisited Apprendi in Blakely v. Washington, clarifying "that the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant[;]" it did not disturb

*Apprendi*'s exception for prior convictions. <u>Blakely</u>, 542 U.S. at 303, 124 S.Ct. at 2537 (emphasis in original). Subsequently, in <u>Booker</u>, the Court held that <u>Blakely</u> applied to the Federal Sentencing Guidelines and reaffirmed its holding in *Apprendi*. <u>Booker</u>, 543 U.S. at 243-44, 125 S.Ct. at 755-56. Then in <u>Shepard</u>, the Supreme Court limited the types of evidence a district court can constitutionally consider to determine whether a prior burglary conviction qualifies as a "violent felony" for purposes of the ACCA, where the statutory definition of burglary includes both violent and non-violent conduct. <u>Shepard</u>, 544 U.S. at __, 125 S.Ct. at 1262-63.

Upon review of the record and the parties' briefs, we find no reversible error. In George's case, he is not arguing that the district court consulted improper sources of evidence. Thus, <u>Shepard</u> does not apply. Indeed, we have held that "<u>Shepard</u> does not bar judges from finding whether prior convictions qualify for ACCA purposes; it restricts the sources of evidence that a judge (instead of a jury) can consider in making that finding." <u>Greer</u>, 440 F.3d at 1275. Therefore, the district court did not commit constitutional error in determining that George's conviction for escape from confinement qualified as a violent felony.

Moreover, George is incorrect when he argues that "[t]he fact of the conviction alone does not unambiguously establish that a conviction for [escape

5

from confinement] is a violent felony for purposes of § 924(e)(1)." We have held that "a prior escape conviction qualifies as a 'crime of violence' under the career offender guideline." United States v. Gay, 251 F.3d 950, 954 (11th Cir. 2001). In Gay, we reasoned that: (1) the statutory offense of escape does not contain ambiguities that make the "crime of violence" determination impossible from the judgment; (2) escape, by its nature, "presents a serious potential risk of physical injury to another[;]" and (3) every other circuit that decided the issue found that escape had inherent potential for serious risk of physical injury to another. 251 F.3d at 953-955. It is true that the definition of "violent felony" for purposes of the ACCA is not identical to "crime of violence" for the purpose of classifying a defendant as a career offender under the guidelines. See U.S.S.G. § 4B1.4, comment. (n.1) ("It is to be noted that the definition[] of 'violent felony' . . . in 18 U.S.C. § 924(e)(2) [is] not identical to the definition[] of "crime of violence" . . . used in [U.S.S.G.] § 4B1.1 (Career Offender) . . . ."). Nevertheless, the pertinent part of the definitions are identical: "conduct that presents a serious potential risk of physical injury to another." See 18 U.S.C. § 924(e)(2)(B)(ii); U.S.S.G. § 4B1.2(a)(2). Therefore, classification of escape from confinement as a "crime of violence" supports the conclusion that any error committed by the district court in finding that George's prior conviction for escape from confinement constituted a

6

"violent felony" for purposes of the ACCA was not plain. In fact, other circuits have held that "walk-away" escapes are violent felonies for the purposes of the ACCA. See, e.g., United States v. Childs, 403 F.3d 970, 971-72 (8th Cir. 2005) (persuasive authority); United States v. Maddox, 388 F.3d 1356, 1369 (10th Cir. 2004) (persuasive authority). Thus even if the district court committed error, it was not plain error. The judgment of the district court is

**AFFIRMED.**