[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 11 2007
THOMAS K. KAHN
CLERK

No. 06-13118

D. C. Docket No. 04-00344 CR-3-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERRY FIGARO,
FRITZ JEAN BAPTISTE,
ASTREL CATY,

Defendants-Appellants.

Appeals from the United States District Court
for the Northern District of Georgia

**(June 11, 2007)**

Before DUBINA and BLACK, Circuit Judges, and RESTANI,* Judge.

PER CURIAM:

_____
*Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

A superseding indictment charged appellants, Astrel Caty ("Caty"), Jerry Figaro ("Figaro"), and Fritz Jean Baptiste ("Baptiste"), along with other co-defendants, with (1) conspiracy to traffic in stolen motor vehicles with altered vehicle identification numbers ("VIN"), in violation of 18 U.S.C. § 371; (2) trafficking 29 particular motor vehicles or motor vehicle parts with knowledge that the VINs had been altered, in violation of 18 U.S.C. §§ 2321 and 2; and (3) altering or removing the VINs on 29 particular motor vehicles, in violation of 18 U.S.C. §§ 511(a)(1) and 2. The government agreed to directed verdicts on certain counts for all three defendants. The jury found the defendants guilty on the remaining counts of the superseding indictment. Each of the defendants was sentenced to serve time in the federal penitentiary. All three defendants are currently incarcerated.

As stated in the defendants' briefs, the following issues are presented for appellate review:

A. **Figaro**

(1) Whether the district court improperly denied Figaro's motion for severance, thereby rendering his trial fundamentally unfair.

(2) Whether the district court abused its discretion and committed reversible error when it failed to give Figaro's theory of defense jury instruction.

2

B. **Caty**

(1) Whether the district court erred in denying Caty's motion for new trial based on the government's conduct in charging Caty with 60 counts in the indictment when it only offered proof on fourteen counts.

(2) Whether the district court erred in not excluding allegedly prejudicial hearsay testimony by Figaro against Caty.

(3) Whether trial counsel's alleged ineffective assistance of counsel necessitates a new trial.

C. **Baptiste**

(1) Whether the district court erred in denying Baptiste's motion to suppress.

(2) Whether the district court erred when it assessed Baptiste a three-level enhancement for a leadership role in the offenses.

"A district court's findings of fact in resolving a motion to suppress are reviewed for clear error; the court's application of the law to those facts is reviewed de novo." *United States v. Gordon*, 231 F.3d 750, 753-54 (11th Cir. 2000).

Where a defendant fails to preserve an issue in the district court, we review for plain error only. *United States v. Martinez*, 407 F.3d 1170, 1173 (11th Cir.

2005). To satisfy the plain error standard, this court must find that (1) there was error; (2) the error was plain or obvious; (3) the error "affected substantial rights;" and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings. *United States v. Olano*, 507 U.S. 725, 730-36, 113 S. Ct. 1770, 1776-79 (1993).

We review the district court's decision to deny a motion to sever for abuse of discretion. *United States v. Knowles*, 66 F.3d 1146, 1158 (11th Cir. 1995).

We review the district court's refusal to give a particular jury instruction for abuse of discretion. *United States v. Yeager*, 331 F.3d 1216, 1222 (11th Cir. 2003).

This court reviews the district court's determination of role in the offense for clear error. *See United States v. Gordon*, 231 F.3d at 754 (citing *United States v. De Varon*, 175 F.3d 930, 937 & n.3 (11th Cir. 1999) (en banc)).

After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we reject all of the arguments presented by the defendants in this appeal. Accordingly, we affirm the defendants' convictions and Baptiste's sentence.[1]

---

[1] As one of his issues, Caty argues that he is entitled to a new trial because his trial counsel rendered ineffective assistance. Because ineffective assistance of counsel claims are best presented in a 28 U.S.C. § 2255 motion rather than on direct appeal, we decline to consider the claim. *See*

**AFFIRMED.**

Massaro v. United States, 538 U.S. 500, 504-05, 123 S. Ct. 1690, 1694 (2003); *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002).