[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 27, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-12616
Non-Argument Calendar
_____

D. C. Docket No. 06-00343-CR-J-33-TEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES CHRISTOPHER ROUNDTREE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(November 27, 2007)**

Before BIRCH, DUBINA and WILSON, Circuit Judges.

PER CURIAM:

Charles Christopher Roundtree appeals his 180-month sentence, arguing that

the district court's decision to sentence him as an armed career criminal, without his admitting, or a jury finding, that he had three prior violent felony convictions, was unconstitutional. He concedes that the Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), and *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005) except the fact of a prior conviction from the Sixth Amendment requirement that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 120 S. Ct. at 2362-63.

Roundtree also concedes that he failed to preserve the issue below. When a defendant fails to preserve an issue below, we review for plain error. *United States v. Martinez*, 407 F.3d 1170, 1173 (11th Cir. 2005).

"The Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), provides a mandatory minimum sentence of fifteen years for anyone who violates 18 U.S.C. § 922(g)[1] after three convictions for a violent felony or a serious drug offense." *United States v. Greer*, 440 F.3d 1267, 1269 (11th Cir. 2006). In *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d

---

[1]Section 922(g) prohibits possession of a firearm by a convicted felon.

350 (1998), the Supreme Court held that a prior conviction is *not* a fact that must be alleged in the indictment or found by a jury beyond a reasonable doubt. *United States v. Shelton*, 400 F.3d 1325, 1329 (11th Cir. 2005). The Court's subsequent seminal decisions in *Apprendi*, *Blakely*, and *Booker* have not disturbed the holding of *Almendarez-Torres*. *Id.* Although *Shepard v. United States*, 544 U.S. 13, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005) "may arguably cast doubt on the future prospects of *Almendarez-Torres*'s holding regarding prior convictions, the Supreme Court has not explicitly overruled *Almendarez-Torres*. As a result, we must follow *Almendarez-Torres*." *United States v. Camacho-Ibarquen*, 410 F.3d 1307, 1316 n.3 (11th Cir. 2005) (per curiam).

As Roundtree acknowledges in his brief, his arguments are contrary to our precedent. Thus, the district court did not err, and we affirm.

**AFFIRMED.**