[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 09 2008
THOMAS K. KAHN
CLERK

No. 07-11719
Non-Argument Calendar

_____

D. C. Docket No. 04-00227-CR-WBH-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GRAYLING BOLSTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(January 9, 2008)**

Before BARKETT, WILSON  and PRYOR, Circuit Judges.

PER CURIAM:

Grayling Bolston appeals his 110-month sentence imposed at the low-end of

the applicable guideline range before the Supreme Court issued its decision in

United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).  He

argues that the mandatory application of the Guidelines affected his substantial

rights under the plain error standard of review because there was a reasonable

probability that the court would have imposed a lesser sentence if it was not bound

to sentence him within the applicable guideline range.

Because Bolston did not object to his sentence based upon the principles set

out in Booker, we review the district court's sentence under the plain error standard

of review.  United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005).  "An

appellate court may not correct an error the defendant failed to raise in the district

court unless there is: (1) error, (2) that is plain, and (3) that affects substantial

rights."  Id. (quotation omitted).  "If all three conditions are met, an appellate court

may then exercise its discretion to notice a forfeited error, but only if (4) the error

seriously affects the fairness, integrity, or public reputation of judicial

proceedings."  Id. (quotation omitted).

The first two prongs of the four-prong plain error test are met in all

pre-Booker sentencing cases, regardless of whether the defendant alleges a

constitutional or statutory error.  Id. at 1298-99 (constitutional error); United States

v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005) (statutory error).  This is so

2

even though the error was not plain at the time of sentencing. Rodriguez, 398 F.3d at 1299.

In evaluating the third prong, we ask "whether there is a reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion by the sentencing judge . . . ." Rodriguez, 398 F.3d at 1301. The burden is on the defendant to make this showing of prejudice. Id. at 1299. We have held, however, that a defendant satisfied this standard where the district court "displayed frustration with its inability to impose a sentence lower than the Guideline minimum," asking "if there was any way we can make the sentence shorter . . . ." United States v. Martinez, 407 F.3d 1170, 1173-74 (11th Cir. 2005) (quotations and alteration omitted); see also United States v. Thompson, 422 F.3d 1285, 1301-02 (11th Cir. 2005) (holding that the defendant satisfied his burden where the district court found that the sentence it was forced to impose was "not a fair sentence"). However, where "uncertainty exists, the burden is the decisive factor in the third prong of the plain error test, and the burden is on the defendant." Rodriguez, 398 F.3d at 1300. Applying this standard, we have held that the defendant did not satisfy his burden under the third prong where the "record indicate[d] no frustration on the part of the district court with the severity of the Guidelines sentence" and the district court did not "indicate a desire to

3

impose a lesser sentence . . . ." <u>United States v. Underwood</u>, 446 F.3d 1340, 1344 (11th Cir.), <u>cert. denied</u>, 127 S.Ct. 225 (2006).  Similarly, we have held that a sentence at the low-end of the applicable guideline range, by itself, is not enough for a defendant to demonstrate a reasonable probability of a lesser sentence because it is "too speculative, and more than speculation is required." <u>United States v. Fields</u>, 408 F.3d 1356, 1361 (11th Cir. 2005).

In the instant case, Bolston cannot satisfy his burden to demonstrate that there was a reasonable probability that the court would have imposed a different sentence if the Guidelines were advisory.  Upon review of the record and the parties' briefs, we discern no reversible error.

**AFFIRMED.**