[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  13-13435
Non-Argument Calendar
_____

D.C. Docket No. 0:05-cr-60203-JEM-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES R. MACARTHUR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 10, 2014)

Before TJOFLAT, WILSON and JORDAN, Circuit Judges.

PER CURIAM:

James MacArthur, proceeding *pro se*, appeals the district court's dismissal

for lack of jurisdiction of his post-judgment motion to recalculate his restitution

obligation.  We previously determined that the district court did not have inherent or retained authority to modify MacArthur's original restitution order.  On appeal, he now argues that the district court has inherent or retained authority to give credit toward the balance of that order, without modifying it.  The government has responded by moving to summarily affirm the district court ruling and to stay the briefing schedule in the meantime.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous."  *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969); *see United States v. Martinez*, 407 F.3d 1170, 1173-74 (11th Cir. 2005) (construing the defendant's "unconventional" motion as a motion for summary reversal, granting the motion, vacating the defendant's sentence, and remanding the case for resentencing where the district court had committed plain error by treating the Sentencing Guidelines as mandatory).

We review *de novo* whether a district court has jurisdiction.  *See United States v. Stossel*, 348 F.3d 1320, 1321-22 (11th Cir. 2003) (reviewing whether a district court had jurisdiction to consider a defendant's motion to modify his

2

sentence).   Under the law of the case doctrine, our prior holdings are generally binding in subsequent proceedings in the same case.  *Glock v. Singletary*, 65 F.3d 878, 890 (11th Cir. 1995).

The Mandatory Victim Restitution Act of 1996 ("MVRA") requires the district court to order restitution in fraud cases.  18 U.S.C. § 3663A(c)(1)(A)(ii). An order of restitution under the MVRA shall be issued and enforced in accordance with 18 U.S.C. § 3664.  18 U.S.C. § 3663A(d).  Under that section, an otherwise final order can be: (1) corrected under Fed.R.Cr.P. 35; (2) appealed and modified under 18 U.S.C. § 3742; (3) amended under 18 U.S.C. § 3664(d)(5); or (4) adjusted under 18 U.S.C. §§ 3664(k), 3572, or 3613A.  18 U.S.C. § 3664(o)(1). Courts do not have inherent authority to modify a sentence outside of the framework provided by statutes and the Federal Rules of Criminal Procedure.  *See United States v. Diaz-Clark*, 292 F.3d 1310, 1317-18 (11th Cir. 2002).

After MacArthur appealed the district court's denial of a motion to modify his restitution order that he filed in 2011, we determined that the district court did "not have inherent authority to modify a sentence outside of the specific parameters provided by statute and the Federal Rules of Criminal Procedure," and since MacArthur did not argue the applicability of any of the proper procedures, the district court lacked jurisdiction to modify the restitution order.  *United States v. MacArthur*, 510 F. App'x 802, 803 (11th Cir. 2013)(unpublished).  Procedurally,

3

we vacated the district court's order, and remanded the case to the district court to dismiss for lack of jurisdiction. *Id*.

Here, the issue of whether the district court had inherent or retained authority to modify a restitution obligation was determined in previous proceedings in this case, so MacArthur's argument is foreclosed by the law of the case doctrine. *Glock*, 65 F.2d at 890. Moreover, MacArthur seeks, in effect, the same relief that was previously denied him—a recalculation of his victims' losses and a corresponding modification of the amount of restitution owed. He argues that the district court had "inherent or retained" jurisdiction to hear his motion, but because he did not invoke one of the statutory bases for appealing, correcting, modifying, adjusting, or amending a final order of restitution, the district court properly dismissed his motion for lack of jurisdiction. *See* 18 U.S.C. § 3664(o)(1).

Accordingly, the government's motion for summary affirmance is GRANTED, the judgment of the district court is AFFIRMED, and the government's motion to stay the briefing schedule is DENIED as moot.

4