[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 30, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11269
Non-Argument Calendar

_____

D. C. Docket No. 06-20457-CR-MGC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE PEDRON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 30, 2008)**

Before ANDERSON, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Jose Pedron appeals from his convictions and 175-month sentence for

possession with intent to distribute cocaine on July 14, 2006, in violation of 21

U.S.C. § 841(a)(1) ("Count 2"); possession with intent to distribute amphetamines on July 14, 2006, in violation of 21 U.S.C. § 841(a)(1) ("Count 3"); possession with intent to distribute amphetamines on July 17, 2006, in violation of 21 U.S.C. § 841(a)(1) ("Count 4"); and possession of cocaine on July 17, 2006, in violation of 21 U.S.C. § 844(a) ("Count 5"). Pedron raises four challenges to his convictions: (1) the government committed prosecutorial misconduct in its closing argument; (2) the district court abused its discretion in allowing a prior conviction to be used to impeach Pedron's testimony; (3) the district court abused its discretion in allowing law enforcement officers to testify as lay witnesses; and (4) the evidence was insufficient to sustain his convictions. As to his sentence, Pedron argues that: (1) the district court improperly applied the obstruction-of-justice enhancement; and (2) his ultimate sentence was unreasonable. After thorough review, we affirm.

We review a preserved claim of prosecutorial misconduct de novo. United States v. Eckhardt, 466 F.3d 938, 947 (11th Cir. 2006), cert. denied, 127 S. Ct. 1305 (2007). We review preserved evidentiary rulings for abuse of discretion. United States v. Masferrer, 514 F.3d 1158, 1162 (11th Cir. 2008). When a district court's evidentiary ruling is erroneous, we will not reverse if the error was harmless. United States v. Khanani, 502 F.3d 1281, 1292 (11th Cir. 2007). "An error is harmless unless there is a reasonable likelihood that [it] affected the

2

defendant's substantial rights." Id. (internal quotation omitted). We review the sufficiency of the evidence supporting a criminal conviction de novo, examining the evidence in a light most favorable to the government and making all credibility choices in the government's favor. United States v. Garcia-James, 484 F.3d 1311, 1319 (11th Cir. 2007), petition for cert. filed (June 11, 2007) (No. 06-11863). When a sentencing enhancement for obstruction of justice is imposed, we review the district court's factual findings for clear error and its application of the Sentencing Guidelines to those facts de novo. United States v. Massey, 443 F.3d 814, 818 (11th Cir. 2006). Finally, we review the ultimate sentenced imposed by a district court for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 127 S. Ct. 2456, 2465 (2007)).[1]

First, we find no merit to Pedron's contention that the government engaged in misconduct during its closing argument by making three "misstatements": (1) vouching for its position by stating "[o]f course [Pedron] knowingly possessed those pills"; (2) "belittl[ing]" defense counsel and strategy by comparing a portion

---

[1] As discussed below, however, several of Pedron's claims relating to prosecutorial misconduct, evidentiary rulings, and his sentence were not raised at trial. In these circumstances, we review the challenges for plain error, and will only reverse if there is (1) error that is (2) plain, (3) affects substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings. United States v. Martinez, 407 F.3d 1170, 1173 (11th Cir. 2005).

3

of counsel's defense to a "grade school playground tactic"; and (3) shifting the burden of proof by telling the jury that it had to weigh the defense's case in making its decision. Notably, Pedron did not object to the first two of these comments at trial. "To establish prosecutorial misconduct, the remarks must be improper, and the remarks must prejudicially affect the substantial rights of the defendant." Eckhardt, 466 F.3d at 947 (internal quotation and punctuation omitted). Here, none of the comments were improper -- the vouching comment was simply an argument based on the evidentiary circumstances, the alleged personal attack comment was a valid remark on the defense strategy, and the burden-shifting comment properly addressed the defense's subpoena power. Moreover, even if there was error concerning this last comment, any possible prejudice was obviated since the prosecutor himself made clear that the burden was entirely on the government, noting that only the government had an obligation to call any witnesses. Accordingly, we find no error -- let alone plain error -- in Pedron's claims of prosecutorial misconduct.

Nor did the district court abuse its discretion by allowing the government to impeach Pedron with a prior conviction for conspiracy to distribute controlled substances. If a criminal defendant chooses to testify, his credibility is placed in issue, and can be impeached with evidence of prior convictions. United States v.

Vigliatura, 878 F.2d 1346, 1350-51 (11th Cir. 1989). Federal Rule of Evidence 609 says that for purposes of attacking a testifying defendant's character for truthfulness, a prior conviction "shall be admitted if the court determines that the probative value . . . outweighs its prejudicial effect to the accused. . . ." Fed. R. Evid. 609(a)(1). At trial, Pedron put his credibility at issue by testifying, and the district court limited the government to one question about the conviction and later admonished the jury that a prior conviction could not be considered in determining Pedron's guilt in this case. In so doing, the district court did not abuse its discretion in admitting Pedron's prior conviction.

We also reject Pedron's argument that the district court abused its discretion by allowing two lay witnesses to testify as expert witnesses without being qualified as experts. Specifically, Pedron challenges: (1) Drug Enforcement Agency ("DEA") Special Agent Chad Hughes's testimony, without the establishment of background support, that "handwriting" was a code word for the quality of a controlled substance; and (2) DEA Special Agent Michael Gannon's testimony about the inability to obtain fingerprints from plastic bags, even though he was not a fingerprint expert. Federal Rule of Evidence 701 limits a witness' testimony, if not testifying as an expert, to opinions or inferences "which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the

5

witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. We have held that employees and officers may testify as lay witnesses "based upon their particularized knowledge garnered from years of experience within the field." Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co., 320 F.3d 1213, 1223 (11th Cir. 2003). We can find no error, plain or otherwise, in admitting Hughes's lay testimony -- to which Pedron did not object at trial -- as it was based on Hughes's experience as a law enforcement officer. While Gannon's testimony may be the kind that should have been offered by a fingerprint expert, we need not reach this issue because the error, if any, was harmless -- that is, the evidence unaffected by this error supported Pedron's convictions.

Indeed, contrary to Pedron's arguments, the evidence was sufficient to convict him of each count. A conviction under 21 U.S.C. § 841(a)(1) requires the government to establish that the defendant "(1) knowingly (2) possessed [a controlled substance] (3) with intent to distribute it." United States v. Faust, 456 F.3d 1342, 1345 (11th Cir. 2006) (internal quotation omitted), cert. denied, 127 S. Ct. 615 (2006). "The government may prove constructive possession if it shows a defendant maintained dominion or control over the drugs or over the premises

6

where the drugs are located." Id. (internal quotation omitted). To do so, the government may rely on direct or circumstantial evidence and inferences drawn from the circumstances. Id. at 1345-46. The evidence need not exclude "every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except guilt." Id. at 1345 (internal quotation omitted).

As for Counts 2 and 3, Special Agent Gannon testified that the government's source, Eli Slieman, provided drugs to the DEA on July 14, 2006. Transcripts of subsequent phone calls between Slieman and Pedron indicated that: (1) Slieman called Pedron to tell him that "it" would be "check[ed] out and then they'll let me know," and Pedron responded that it was "A-1"; (2) Slieman asked how many pills there were, and Pedron replied that there were two; and (3) Pedron said that it had been four days and he needed the money, noting the perfect "handwriting," which Special Agent Hughes testified meant drug purity. In response, Pedron testified that "A-1" referred to his roofing business, that the "pills" referred to prescription medicine that he had previously found in Slieman's car, and that the "money" was in connection with his roofing business and house payments. The jury plainly disbelieved Pedron's explanations, as evidenced by its verdict, and his statements explaining away his suspicious behavior can be considered substantive evidence of his guilt. United States v. Brown, 53 F.3d 312, 314 (11th Cir. 1995) ("[A]

statement by a defendant, if disbelieved by the jury, may be considered as substantive evidence of the defendant's guilt.") (emphasis omitted). In addition, the testifying forensic chemist noted that the drugs recovered on July 14, 2006 and July 17, 2006 shared appearance and purity level. Faust, 456 F.3d at 1345-46 (possession can be proved with circumstantial evidence).

As for Count 4, Special Agent Gannon testified that the DEA searched Pedron's car and discovered 4,000 tablets of amphetamines in a briefcase in the rear of the truck's cabin. Moreover, Special Agent Hughes testified that he discovered Pedron's drivers license and Social Security card in the briefcase, near the drugs. At a minimum, the government established constructive possession in as much as Pedron had control over the vehicle where the drugs were discovered. Id. at 1345. In short, based upon the monitored phone transcripts, the Special Agents' testimony interpreting the phone calls, Pedron's testimony, and the drugs recovered from Pedron's vehicle, there was abundant evidence from which a jury could find Pedron guilty beyond a reasonable doubt of all counts.

Finally, Pedron's challenges to his sentence -- both of which we review for plain error -- are also unsuccessful. Section 3C1.1 of the guidelines provides for a two-level enhancement if:

> (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the

investigation, prosecution, or sentencing of the instant offence of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense.

U.S.S.G. § 3C1.1. A § 3C1.1 enhancement is appropriate if the defendant has committed perjury. Id. cmt. n.4(b). In defining perjury for purposes of § 3C1.1, the Supreme Court has relied on the federal criminal perjury statute and described perjury as "[a] witness testifying under oath . . . [who] gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." United States v. Dunnigan, 507 U.S. 87, 94 (1993). Four elements are required for a court to find perjury under § 3C1.1: (1) the testimony must be under oath; (2) the testimony must be false; (3) the testimony must be material; (4) the testimony must be given with willful intent to provide false testimony and not as a result of mistake, confusion, or faulty memory. United States v. Singh, 291 F.3d 756, 763 n.4 (11th Cir. 2002). While "it is preferable for a district court to address each element of the alleged perjury in a separate and clear finding," Dunnigan, 507 U.S. at 95, a district court's decision to enhance is sufficient if the "court makes a finding of an obstruction of, or impediment to, justice that encompasses all of the factual predicates for a finding of perjury." Id. Here, the district court made a factual finding that the jury had to completely reject Pedron's testimony in order to find

9

him guilty. This finding -- which was not clearly erroneous -- encompassed the factual predicates of perjury, and therefore, there was no error, plain or otherwise, in the district court's application of the enhancement.

Turning to the ultimate sentence imposed, our reasonableness review consists of two steps. Pugh, 515 F.3d at 1190. First, we must "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 128 S.Ct. 586, 597 (2007)).[2] If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed, under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Id. (quoting Gall, 128 S. Ct. at 597). "The party who challenges the sentence bears the burden of establishing that the

---

[2] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

10

sentence is unreasonable in the light of both th[e] record and the factors in section 3553(a)." United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006) (internal quotation omitted).

Rather than disputing the substantive reasonableness of his sentence, Pedron primarily argues that the district court committed procedural error by failing to expressly apply the § 3553(a) factors. However, "the district court need only acknowledge that it considered the § 3553(a) factors, and need not discuss each of these factors in either the sentencing hearing or in the sentencing order." United States v. Amedeo, 487 F.3d 823, 833 (11th Cir.), cert. denied, 128 S. Ct. 671 (2007) (internal quotation and punctuation omitted); United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005) ("nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors"). In this case, the district court correctly calculated Pedron's guidelines range after applying the § 3C1.1 enhancement; it stated that the guidelines were advisory, and considered the parties' arguments and the statutory factors; it noted that Pedron had a lengthy criminal history and that he was a fugitive from justice for ten years; and it then made a downward variance by two offense levels, sentencing Pedron to 175

months' imprisonment, inside the advisory guidelines range of 151-188 months.[3]

Accordingly, Pedron has not shown that his sentence was unreasonable, nor that the district court committed any error, much less plain error, in imposing it.

**AFFIRMED.**

---

[3] See Rita, 127 S. Ct. at 2462 (holding that a court of appeals may afford a presumption of reasonableness to a within-Guidelines sentence); United States v. Campbell, 491 F.3d 1306, 1314 n.8 (11th Cir. 2007) (noting that, although we have not normally afforded a within-Guidelines sentence a presumption of reasonableness, the Rita decision calls that policy into question).