[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16385
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 3, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-80043-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SERGIO E. RIVERA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 3, 2009)

Before BLACK, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Sergio E. Rivera appeals his 60-month sentence, imposed after he pled guilty

to attempted bank robbery in violation of 18 U.S.C. §§ 2, 2113(a). At sentencing, the district court applied a six-level increase to his offense level pursuant to § 2B3.1(b)(2)(B) of the U.S. Sentencing Guidelines ("Guidelines") for the "otherwise use[]" of a firearm.[1] Rivera raises three arguments: (1) the district court clearly erred by finding that he used a firearm during the offense, arguing that he actually possessed a cigarette lighter that resembled a gun; (2) the district court erroneously concluded that he "otherwise used," as opposed to "brandished," the firearm, because he did not make any threats during the robbery and merely pointed the weapon in the teller's direction; and (3) the district court plainly erred by resolving these issues under a preponderance of the evidence standard, rather than a reasonable doubt standard.

## I. Firearm versus dangerous weapon

Rivera contends that the district court erred in finding that he used an actual firearm during the attempted bank robbery. "[W]e review the factual findings underlying the district court's sentencing determination for clear error." *United States v. Williams*, 527 F.3d 1235, 1247 (11th Cir. 2008) (citation omitted).

If a defendant challenges one of the factual bases for his sentence, the government must prove the disputed fact by a preponderance of the evidence.

---

[1] The Probation Officer recommended a four-level enhancement pursuant to Guidelines § 2B3.1(b)(2)(D) for the "otherwise use[]" of a dangerous weapon.

2

*United States v. Cataldo*, 171 F.3d 1316, 1321 (11th Cir. 1999). The district court may consider reliable hearsay evidence at sentencing, so long "as the evidence has sufficient indicia of reliability, the [district] court makes explicit findings of fact as to credibility, and the defendant has an opportunity to rebut the evidence." *United States v. Zlatogur*, 271 F.3d 1025, 1031 (11th Cir. 2001) (per curiam) (quotations marks and citation omitted). In addition, "the appellate court shall give due regard to the opportunity of the sentencing court to judge the credibility of the witnesses. . . ." *United States v. Glinton*, 154 F.3d 1245, 1259 (11th Cir. 1998) (quotation marks, alteration, and citation omitted).

Pursuant to the Guidelines, the term "[f]irearm" means a weapon that is designed "to expel a projectile." U.S. SENTENCING GUIDELINES § 1B1.1 cmt. n.1(G). The term "[d]angerous weapon" encompasses "an object that is not an instrument capable of inflicting death or serious bodily injury but (I) closely resembles such an instrument; or (II) the defendant used the object in a manner that created the impression that the object was such an instrument . . . ." *Id.* at § 1B1.1 cmt. n.1(D)(ii).

The evidence presented during sentencing included: (1) testimony from the bank teller that the object Rivera held during the robbery appeared to be a real gun and that Rivera, an employee of the bank, previously boasted of owning a gun; (2)

3

testimony from the investigating officer that Rivera's co-defendant asserted that the gun was real and that Rivera stated, en route to the robbery, that he hoped to be able to shoot a particular bank employee; and (3) recent receipts documenting Rivera's purchases from a hunting/fishing shop with a shooting range. Given this evidence, Rivera has failed to meet his burden and to establish that the district court clearly erred by finding that Rivera possessed an actual firearm during the robbery.

## II. Otherwise use versus brandished or possessed

Rivera next contends that the district court erred in concluding that his conduct constituted "otherwise us[ing]" a firearm as opposed to "brandish[ing]" a firearm. U.S. SENTENCING GUIDELINES § 1B1.1 cmt. n.1(C), (I). Our review is *de novo*. *See United States v. Cover*, 199 F.3d 1270, 1278 (11th Cir. 2000) (per curiam).

In calculating a defendant's robbery offense level, Guidelines § 2B3.1(b)(2) provides, *inter alia*, that:

> (B) if a firearm was otherwise used, increase by 6 levels;
> (C) if a firearm was brandished or possessed, increase by 5 levels;
> (D) if a dangerous weapon was otherwise used, increase by 4 levels;
> (E) if a dangerous weapon was brandished or possessed, increase by 3 levels . . . .

U.S. SENTENCING GUIDELINES § 2B3.1(b)(2)(B)-(E). The Guidelines provide that "otherwise used" means that "the conduct did not amount to the discharge of a firearm but was more than brandishing, displaying, or possessing a firearm or other dangerous weapon." U.S. SENTENCING GUIDELINES § 1B1.1 cmt. n.1(I). "Brandished" means "that all or part of the weapon was displayed, or the presence of the weapon was otherwise made known to another person, in order to intimidate that person, regardless of whether the weapon was directly visible to that person." *Id.* at § 1B1.1 cmt. n.1(C). We have held that "the use of a firearm to make an explicit or implicit threat against a specific person constitutes 'otherwise use' of the firearm." *Cover*, 199 F.3d at 1278.

The evidence showed that Rivera pointed his gun at the bank teller while instructing her to get the keys to the bank's vault and escorting her to the vault area. Accordingly, Rivera did more than make the presence of his gun known to the teller – he used it to obtain her compliance with his requests. The district court correctly concluded that Rivera used the gun to implicitly threaten the teller, and it properly increased his offense level for his "otherwise use[]" of a firearm.

### III. Standard of Proof

Lastly, Rivera contends that the district court applied the incorrect standard of proof. Because Rivera did not raise this issue before the district court, we

review it only for plain error. *See United States v. Martinez*, 407 F.3d 1170, 1173 (11th Cir. 2005).

Pursuant to *Apprendi v. New Jersey,* facts that would increase a crime's penalty beyond the statutory maximum must be found by a jury beyond a reasonable doubt. 530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63 (2000). Post-*Apprendi*, the Supreme Court held, in *United States v. Booker*, 543 U.S. 220, 232-44, 125 S. Ct. 738, 749-56 (2005), that "the Sixth Amendment right to trial by jury is violated where *under a mandatory guidelines system* a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." *United States v. Smith*, 480 F.3d 1277, 1281 (11th Cir. 2007) (citation omitted). We have held that "[w]hen the district court applies the Guidelines in an advisory manner, nothing in *Booker* prohibits district courts from making, under a preponderance-of-the-evidence standard, additional factual findings that go beyond a defendant's admissions." *Id.* "Moreover, the district court's factual findings for purposes of sentencing may be based on, among other things, . . . evidence presented during the sentencing hearing." *Id.* (quotation marks, alteration, and citation omitted).

As Rivera acknowledges, his argument is foreclosed by precedent because his 60-month sentence was less than the statutory maximum, and the district court

6

applied the Guidelines in an advisory manner. Accordingly, there was no *Apprendi* or *Booker* error.

## IV. Conclusion

Upon review of the record and consideration of the parties' briefs, we affirm.

**AFFIRMED.**