[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12130
Non-Argument Calendar
_____

D.C. Docket No. 1:00-cr-00066-DHB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDREW WEBB,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(September 4, 2013)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Andrew Webb, proceeding pro se, appeals the district court's denial of his

motion for a sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2) and

Amendment 750 to the Sentencing Guidelines. In 2000, a jury convicted Webb of (1) conspiracy to distribute and to possess with intent to distribute more than 50 grams of crack cocaine and 5 kilograms of cocaine hydrocholoride, and (2) attempted possession with intent to distribute more than 500 grams of cocaine hydrocholoride, both in violation of 21 U.S.C. §§ 841(a)(1), 846, and 18 U.S.C. § 2. The presentence investigation report ("PSI") held Webb accountable for more than 1.5 kilograms of crack cocaine, resulting in a base offense level of 38 under U.S.S.G. § 2D1.1(c)(1). Webb received a 2-level enhancement for his role in the offense and a 2-level enhancement for possession of a firearm, for a total offense level of 42. The court concluded that he was a career offender, but the court used his offense level under § 2D1.1 because it was higher than his offense level under U.S.S.G. § 4B1.1. As a career offender, Webb's criminal history category was VI, and his corresponding guideline range was 360 months' to life imprisonment.

The district court originally sentenced Webb to downward departure sentences of 264 months' imprisonment, but we vacated his sentences and remanded for resentencing. On remand, the district court sentenced Webb to 360 months' imprisonment. The government subsequently filed 2 separate Fed.R.Crim.P. 35(b) motions to reduce Webb's sentence based on substantial assistance, and the district court first reduced his sentence to 264 months' imprisonment, and then reduced it further to 228 months' imprisonment.

2

In 2011, Webb filed a pro se § 3582(c)(2) motion to reduce his sentence, pursuant to Amendment 750 to the Sentencing Guidelines. The district court denied Webb's motion after determining that it was not authorized to modify his sentence because his amended guideline range after Amendment 750 was the same as his original guideline range. The court found that Amendment 750 reduced Webb's base offense level to 34 and his total offense level to 38, which, combined with his career offender driven criminal history category of VI, produced an amended guideline range of 360 months to life.

On appeal, Webb challenges the district court's sentence for a variety of reasons, and the government responded with a Motion for Summary Affirmance, arguing that Webb is not eligible for a sentence reduction. After careful review, we grant the government's motion for summary affirmance and affirm.

Summary disposition is appropriate, inter alia, where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." Groendyke Transp., Inc. v. Davis, 406 F.2d 1158, 1162 (5th Cir. 1969)[1]; see United States v. Martinez, 407 F.3d 1170, 1173-74 (11th Cir. 2005) (construing the defendant's "unconventional" motion as a motion for summary reversal, granting the motion, vacating the defendant's sentence, and

---

[1]    In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions that were issued before October 1, 1981.

3

remanding the case for resentencing where the district court had committed plain error by treating the Sentencing Guidelines as mandatory).

We review a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2) for abuse of discretion. United States v. Webb, 565 F.3d 789, 792 (11th Cir. 2009). We review the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines de novo. Id.

By statute, a district court may modify a term of imprisonment that was based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). When this occurs, "the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id. The applicable policy statements are found in U.S.S.G. § 1B1.10.

Amendment 750 retroactively lowered the sentencing range applicable to crack cocaine offenses by revising the crack cocaine quantity tables listed in § 2D1.1(c). U.S.S.G. App. C, amend. 750 (2011). When Webb was sentenced, 1.5 kilograms or more of crack cocaine resulted in a base offense level of 38. See U.S.S.G. § 2D1.1(c)(1) (2001). Section 2D1.1(c) now assigns a base offense level of 34 in cases involving at least 840 grams, but less than 2.8 kilograms, of crack cocaine. See U.S.S.G. § 2D1.1(c)(3) (2012).

The Supreme Court has held that a sentencing adjustment, pursuant to § 3582(c)(2), is not a resentencing proceeding. Dillon v. United States, 130 S.Ct. 2683, 2690-91 (2010) (providing that § 3582(c)(2) does not authorize a resentencing, but instead permits a modification by giving courts the power to reduce a sentence within the narrow bounds established by the Sentencing Commission). The Supreme Court provided a two-step approach for § 3582(c)(2) proceedings: (1) a court must first determine that a reduction in sentence is consistent with the Sentencing Commission's policy statements; and (2) it may then consider whether a reduction is warranted based on the § 3553(a) factors. Id. at 2691-92. Thus, if the first step is not satisfied, consideration of the § 3553(a) factors is not appropriate. Id.

The Court in Dillon also held that because § 3582(c)(2) is a narrow exception to the general rule that a prison sentence imposed under the Guidelines cannot be modified, the constitutional and remedial holdings of United States v. Booker, 543 U.S. 220 (2005), do not apply to § 3582(c)(2) proceedings because those proceedings are modifications of the term of imprisonment, not "resentencings." See 130 S.Ct. at 2690-93 (explaining that § 3582(c)(2) proceedings have a limited scope and purpose, and that the proceedings are "not constitutionally compelled," but instead represent a "congressional act of lenity"). Similarly, we have held that Booker and Kimbrough v. United States, 552 U.S. 85

5

(2007), do not prohibit the limitations imposed by § 3582(c)(2) and § 1B1.10 on a judge's discretion in reducing a sentence, and that the district court is only permitted to reduce a defendant's sentence consistent with the applicable policy statements of the Sentencing Commission. United States v. Melvin, 556 F.3d 1190, 1191-93 (11th Cir. 2009).

In this case, Webb's arguments on appeal are squarely foreclosed by binding precedent. At sentencing, the district court adopted the drug quantity findings in the PSI after Webb raised no objection to them -- namely, that Webb was properly attributed at least 1.5 kilograms of crack cocaine, which resulted in a base offense level of 38. Under Amendment 750, that drug quantity now results in a base offense level of 34, which is a lower base offense level than Webb had at sentencing. Compare U.S.S.G. § 2D1.1(c)(1) (2012), with U.S.S.G. § 2D1.1(c)(1) (2001). Including his 2-level enhancement for role in the offense and his 2-level enhancement for possession of a firearm, Webb would have a total offense level of 38 after Amendment 750, which, when combined with his career offender driven criminal history category of VI, yields a corresponding amended guideline range of 360 months' to life imprisonment. See U.S.S.G. Ch. 5, Pt. A (table). This range is the same range as when Webb was originally sentenced. Thus, the district court correctly denied Webb's instant § 3582(c)(2) motion because Amendment 750 did not have the effect of lowering his guideline range. See 18 U.S.C. § 3582(c)(2).

We are also unpersuaded by Webb's claim that the district court erred by not considering the § 3553(a) factors and his previous sentence reductions under Rule 35(b) based on substantial assistance prior to denying his § 3582(c)(2) motion. Under clear and binding case law, once the district court determined that Webb was ineligible for a reduction in his sentence because Amendment 750 did not lower his guideline range, it did not have the authority to reduce his sentence and did not need to proceed to the second step of considering the § 3553(a) factors. See Dillon, 130 S.Ct. at 2691. Furthermore, Webb's prior reductions for substantial assistance only would be relevant to the proceedings had his guideline range been lowered by Amendment 750, at which point the court would have been permitted to grant him a reduction below the applicable guideline range. As for Webb's argument that Booker and Kimbrough prohibit limitations on the discretion of the district court to reduce his sentence in a § 3582(c)(2) proceeding, we previously have rejected this argument, and the Supreme Court has held that Booker is inapplicable to § 3582(c)(2) proceedings. See Dillon, 130 S.Ct. at 2690-93; Melvin, 556 F.3d at 1191-93.

Because Webb's arguments fail under binding precedent, and because the government's position is clearly right as a matter of law, we summarily **AFFIRM** the denial of Webb's motion to reduce his sentence.