[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  13-11549
_____

D.C. Docket No. 2:07-cr-00144-CG-B-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUERRIN SAINTIL,
a.k.a. Ernest Maxino,

Defendant-Appellant.
_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(September 12, 2013)

Before HULL, JORDAN, and HILL, Circuit Judges.

PER CURIAM:

Guerrin Saintil appeals the district court's denial of his *pro se* motion for a

sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendments 706, 715,

and 750 to the Sentencing Guidelines.  Saintil is currently serving a 292-month sentence for his conviction for conspiracy to possess with intent to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. § 846.  At Saintil's sentencing hearing, which occurred on December 17, 2007, the district court sentenced Saintil to a 360-month sentence, explaining in its Statement of Reasons that Saintil's base offense level was 38 because he was involved with "at least 4.5 kilograms of crack and an amount of cocaine powder that does not impact the guidelines."

In March 2011, Saintil filed a § 3582(c)(2) motion based on Amendment 706, which the district court denied because Saintil was sentenced after the November 1, 2007, effective date of Amendment 706, and, thus, he received any applicable "reduction" at the time he was sentenced.  We summarily affirmed the district court.  Thereafter, in November 2011, Saintil filed a § 3582(c)(2) motion based on Amendment 750 to the Sentencing Guidelines and the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372 (2010).  The court granted Saintil's motion, reducing his sentence to 292 months.  Saintil appealed, but we dismissed that appeal for want of prosecution.

In June 2012, Saintil filed the instant § 3582(c)(2) motion pursuant to Amendments 706, 715, and 750.  In that motion, Saintil argued that the sentencing court held him accountable for a quantity of powder cocaine and a quantity of

2

cocaine base, and that the quantities of both were 2.25 kilograms.  The district court denied Saintil's motion, stating that it had already reduced his sentence based on the FSA and that Saintil was not entitled to a further reduction based on the arguments presented in his motion.  Saintil requested that the district court appoint him counsel on appeal, but the district court denied this request.

On appeal, Saintil argues that: (1) the court abused its discretion by declining to appoint him counsel on appeal; (2) the sentencing court sentenced him based on 2.25 kilograms of powder cocaine and 2.25 kilograms of cocaine base, and those quantities correspond to a base offense level of 34; and (3) the FSA's statutory minimums should be applied retroactively, and that failing to do so is unconstitutional because the pre-FSA statutory minimums are racially discriminatory and violate the Equal Protection Clause.  The government has responded with a motion for summary affirmance and to stay the briefing schedule, arguing that Saintil already has received the full benefit of all of the retroactive amendments to the Sentencing Guidelines.

After a thorough review of the record and consideration of the parties' filings, we grant the government's motion for summary affirmance and affirm the district court.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where

3

rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969); *see United States v. Martinez*, 407 F.3d 1170, 1173-74 (11th Cir. 2005) (construing the defendant's "unconventional" motion as a motion for summary reversal, granting the motion, vacating the defendant's sentence, and remanding the case for resentencing where the district court had committed plain error by treating the Sentencing Guidelines as mandatory).

We review for an abuse of discretion a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2) and reviews *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines. *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009). Issues raised for the first time on appeal are reviewed for plain error. *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005). We are bound by the opinion of a prior panel unless the Supreme Court or this Court sitting *en banc* overrules that opinion. *United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir. 2012). "[T]here is no statutory or constitutional right to counsel for a § 3582(c)(2) motion or hearing, [and] the decision to appoint an attorney is left to the discretion of the district court." *Webb*, 565 F.3d at 795. Finally, the law-of-the-case doctrine bars

4

relitigation of issues that were decided at an earlier stage in the same case, including "lower court rulings that have not been challenged on a first appeal." *United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997).

Pursuant to § 3582(c)(2), a district court may modify a term of imprisonment that was based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Amendment 706 to the Sentencing Guidelines, effective November 1, 2007, lowered the § 2D1.1 base offense levels for certain crack cocaine offenses. U.S.S.G. App. C, Amend. 706 (2007). As a result of this amendment, in November 2007, § 2D1.1(c) assigned a base offense level of 38, the highest possible, in cases involving at least 4.5 kilograms of cocaine base. U.S.S.G. § 2D1.1(c)(1) (2007). Amendment 750 thereafter retroactively lowered the sentencing range applicable to crack cocaine offenses by further revising the crack cocaine quantity tables listed in § 2D1.1(c). U.S.S.G. App. C, amend. 750 (2011). Section 2D1.1(c) now assigns a base offense level of 36 in cases involving at least 2.8 kilograms, but less than 8.4 kilograms, of crack cocaine. *See* U.S.S.G. § 2D1.1(c)(2) (2012).

To determine a base offense level for an offense that involved different controlled substances, the Guidelines provide that each substance is to be converted to its marijuana equivalent, the quantities are to be added together, and then the offense level is to be determined based on reference to the Drug Quantity

5

Table.  *See* U.S.S.G. § 2D1.1, comment. (n.8(B)) (2012).  Amendment 715, effective May 1, 2008, provided for a two-level reduction in a defendant's base offense level if his offense involved both cocaine base and another controlled substance in order to effectuate the two-level reduction intended by Amendment 706.  U.S.S.G. App. C, Amend. 715.  Several exceptions applied, including that the reduction did not apply if the quantity of cocaine base was more than 4.5 kilograms.  *Id.*

The Supreme Court has held that a sentencing adjustment, pursuant to § 3582(c)(2), is not a resentencing proceeding.  *Dillon v. United States*, 560 U.S. ___, ___, 130 S.Ct. 2683, 2690-91, 177 L.Ed.2d 271 (2010) (providing that § 3582(c)(2) does not authorize a resentencing, but instead permits a modification by giving courts the power to reduce a sentence within the narrow bounds established by the Sentencing Commission).  A § 3582(c)(2) proceeding has a limited scope and purpose, is "not constitutionally compelled," and represents a "congressional act of lenity."  *Id.* at ___, 130 S.Ct. at 2691-92; *see also United States v. Bravo*, 203 F.3d 778, 781-82 (11th Cir. 2000) (holding that constitutional claims are "extraneous resentencing issues" that a court cannot address during a § 3582(c)(2) proceeding, and that a defendant is entitled to raise constitutional challenges to a sentence by making a collateral attack under 28 U.S.C. § 2255).  Rather, all original sentencing determinations remain unchanged, with the sole

6

exception of the change in the guideline range that has been amended since the original sentencing. *Bravo*, 203 F.3d at 781. In a § 3582(c)(2) proceeding, the district court is bound by its original drug-quantity finding. *United States v. Cothran*, 106 F.3d 1560, 1563 n.5 (11th Cir. 1997).

Although the FSA applies to offenders who committed crack cocaine crimes before its August 3, 2010, effective date but who are not sentenced until after, it does not apply to defendants who were sentenced before its enactment. *Dorsey v. United States*, 567 U.S. ___, ___, 132 S.Ct. 2321, 2326, 183 L.Ed.2d 250 (2012); *United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012). In *Berry*, we expressly rejected the argument that the FSA itself rendered the defendant—who was originally sentenced in 2002—eligible for § 3582(c)(2) relief. 701 F.3d at 377. We explained that *Dorsey* "did not suggest" that the FSA should apply to defendants who, like Berry, were sentenced long before the FSA's effective date. *Id.*

The district court did not err by denying Saintil's § 3582(c)(2) motion because Saintil was not eligible for a § 3582(c)(2) sentence reduction based on any of the cited amendments, as (1) he was originally sentenced based on the Sentencing Guidelines as amended by Amendment 706, (2) Amendment 715 is inapplicable to him because he was sentenced solely based on cocaine base and not a combination with another controlled substance, and (3) he already has received a

7

reduction pursuant to Amendment 750 in prior § 3582(c)(2) proceedings.  Saintil's arguments on appeal that the district court abused its discretion by declining to appoint him appellate counsel and that failing to apply the reduced statutory minimums from the FSA violates the Equal Protection Clause are squarely foreclosed by our precedent.

The government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.  The government's alternate motion for stay of the briefing schedule is DENIED as moot.

**AFFIRMED.**