[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13442
Non-Argument Calendar
_____

D. C. Docket No. 3:03-cr-00119-TJC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROGETT L. WILCOX,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 20, 2013)

Before PRYOR, MARTIN, and HILL, Circuit Judges.

PER CURIAM:

Rogett Wilcox appeals the district court's denial of his motion for a sentence

reduction, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the

Sentencing Guidelines. The district court denied Wilcox's motion because it found that he was not eligible for a reduction in sentence as he was sentenced as a career offender. The parties agree that that the sentencing court found Wilcox to be a career offender pursuant to U.S.S.G. § 4B1.1, and that his resulting guideline range after application of § 4B1.1 was 188 to 235 months.

On appeal, Wilcox argues that *Freeman v. United States*, 564 U.S. ___, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011), undermined our decision in *United States v. Moore*, 541 F.3d 1323 (11th Cir. 2008), to the point of abrogation by defining the phrase "based on" more broadly than *Moore* did, and that, pursuant to *Freeman*, his sentence was at least in part "based on" the crack cocaine guidelines, which were used as a starting point for calculating his guideline range, and thus, he was eligible for a sentence reduction under § 3582(c)(2). Wilcox acknowledges that, in *United States v. Lawson*, 686 F.3d 1317, 1321 (11th Cir. 2012), we held that *Freeman* did not undermine *Moore*, and states that he is raising this issue to preserve it for further review. The government has responded with a "Motion for Summary Affirmance and for Stay of the Briefing Schedule."

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the

2

outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969); *see United States v. Martinez*, 407 F.3d 1170, 1173-74 (11th Cir. 2005) (construing the defendant's "unconventional" motion as a motion for summary reversal, granting the motion, vacating the defendant's sentence, and remanding the case for resentencing where the district court had committed plain error by treating the Sentencing Guidelines as mandatory).

We review *de novo* the district court's legal conclusions regarding the scope of its authority under § 3582(c)(2). *Lawson*, 686 F.3d at 1319. We are bound by the opinion of a prior panel unless the Supreme Court or this Court sitting *en banc* overrules that opinion. *Id.*

A district court may modify a term of imprisonment "in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Sentencing Commission has noted, however, that a defendant is ineligible for a sentence reduction where an amendment "does not have the effect of lowering [his] applicable guideline range because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10, comment. (n.1(A)). The Guidelines explain that the amendment relied upon for § 3582(c)(2) relief must lower the "applicable guideline range," which is "the

3

guideline range that corresponds to the offense level and criminal history category determined pursuant to [U.S.S.G.] § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." *Id.*

Amendment 750 retroactively lowered the sentencing range applicable to crack cocaine offenses by revising the crack cocaine quantity tables listed in § 2D1.1(c). U.S.S.G. App. C, amend. 750 (2011). Amendment 750 did not make any changes to § 4B1.1, the career-offender guideline provision. *See id.*

When a defendant is sentenced as a career offender, his base offense level is determined under § 4B1.1, not under § 2D1.1 based on his attributed drug quantities. U.S.S.G. § 4B1.1; *Moore*, 541 F.3d at 1327. In *Moore*, we held that Amendment 706, which reduced the base offense level for crack cocaine offenses, was inapplicable to the sentences of four defendants who had been sentenced under § 4B1.1 as career offenders. 541 F.3d at 1327-30. The defendants' sentences were based on the applicable guideline ranges for career offenders, and the defendants' otherwise applicable base offense levels under § 2D1.1 played no role in the calculation of those ranges. *Id.* at 1330.

In *Freeman*, a four-justice plurality of the Supreme Court ruled that § 3582(c)(2) relief is available to a defendant who entered into a Fed.R.Crim.P. 11(c)(1)(C) plea agreement that includes an agreed-upon sentence that is expressly

based on a guideline range that has been subsequently lowered by the Sentencing Commission. *Freeman*, 564 U.S. at ___, 131 S.Ct. at 2690. In her concurring opinion, Justice Sotomayor stated that sentences imposed pursuant to a Rule 11(c)(1)(C) plea agreement are "based on" the plea agreement itself and not the applicable guideline range. *Id.* at ___, 131 S.Ct. at 2696 (Sotomayor, J., concurring in the judgment). Nonetheless, where a plea agreement expressly applied a particular guideline range, Justice Sotomayor agreed that the plea agreement was based on that guideline range. *Id.* at ___, 131 S.Ct. at 2697 (Sotomayor, J., concurring in the judgment). If that guideline range is later lowered by the Sentencing Commission, the defendant would be eligible to seek § 3582(c)(2) relief. *Id.*

In *Lawson*, we held that, after *Freeman*, *Moore* remains binding precedent in this Circuit. *Lawson*, 686 F.3d at 1321. We explained that, in *Freeman*, neither the plurality nor Justice Sotomayor "addressed defendants who were assigned a base offense level under one guideline section, but who were ultimately assigned a total offense level and guideline range under § 4B1.1." *Id.* We concluded that *Freeman* was not "clearly on point" as to the issue addressed in *Moore* regarding the eligibility of career offenders for § 3582(c)(2) relief based on the retroactive lowering of crack cocaine base offense levels. *Id.* Therefore, a defendant who was convicted of a crack cocaine offense, but sentenced as a career offender under

5

§ 4B1.1, was still not eligible for a § 3582(c)(2) reduction under Amendment 750. *Id*.

Here, the district court properly denied Wilcox's § 3582(c)(2) motion because, as a career offender, Amendment 750 did not have the effect of lowering his guideline range. Contrary to his arguments on appeal, Wilcox's guideline range was "based on" the career-offender guideline in § 4B1.1, not the drug-quantity guidelines in § 2D1.1 that were affected by Amendment 750. As Wilcox concedes, his argument that the Supreme Court's decision in *Freeman* abrogated our decision in *Moore* is explicitly foreclosed by our decision in *Lawson*. We are bound by our opinion in *Lawson* because that opinion has not been overruled by the Supreme Court or this Court sitting *en banc*.

Accordingly, the government's motion for summary affirmance is GRANTED, the judgment of the district court is AFFIRMED, and the government's motion to stay the briefing schedule is DENIED as moot.

6