[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  12-15421
Non-Argument Calendar
_____

D. C. Docket No. 1:09-cr-00189-CB-M-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES FITZGERALD PREVO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(March 7, 2014)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

James Prevo, proceeding *pro se*, appeals the district court's denial of his motion for a sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the Sentencing Guidelines.  The district court denied Prevo's

motion because it found that he was ineligible for a reduction in sentence as he was serving a statutory mandatory-minimum sentence.

On appeal, Prevo argues that the district court abused its discretion by denying his § 3582(c)(2) motion because the Fair Sentencing Act ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372 (2010), lowered his mandatory-minimum sentence to five years. Prevo relies on *Dorsey v. United States*, 567 U.S. ___, ___, 132 S.Ct. 2321, 2326, 183 L.Ed.2d 250 (2012), and states that the Supreme Court's reasoning in *Dorsey* indicates that the FSA applies to a § 3582(c)(2) proceeding brought by a defendant sentenced prior to the FSA's effective date. He also contends that the district court incorrectly believed his mandatory-minimum sentence was ten years instead of five years. Relying on *Alleyne v. United States*, 570 U.S. ___, 133 S.Ct. 2851, 186 L.Ed2d 314 (2013), Prevo argues that his sentence is in violation of the Fifth and Sixth Amendments because he was sentenced for conduct that was not charged in the indictment or provided for in the plea agreement. The government has responded with a "Motion for Summary Affirmance and to Stay Briefing Schedule."

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the

outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969); *see United States v. Martinez*, 407 F.3d 1170, 1173-74 (11th Cir. 2005) (construing the defendant's "unconventional" motion as a motion for summary reversal, granting the motion, vacating the defendant's sentence, and remanding the case for resentencing where the district court had committed plain error by treating the Sentencing Guidelines as mandatory).

We review *de novo* the district court's legal conclusions regarding the scope of its authority under § 3582(c)(2). *United States v. Berry*, 701 F.3d 374, 376 n.1 (11th Cir. 2012).

A district court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) does not authorize a reduction in sentence where a retroactive amendment to the Guidelines reduces a defendant's base offense level but does not alter the sentencing range upon which his sentence was based. *Berry*, 701 F.3d at 376. The Supreme Court has held that explained that § 3582(c)(2) proceedings have a limited scope and purpose, and that the proceedings are "not constitutionally compelled," but instead represent a "congressional act of lenity. *Dillon v. United States*, 560 U.S. 817, ___, 130 S.Ct.

2683, 2691-92, 177 L.Ed.2d 271 (2010); *see also United States v. Bravo*, 203 F.3d 778, 781-82 (11th Cir. 2000) (holding that constitutional claims are "extraneous resentencing issues" that a court cannot address during a § 3582(c)(2) proceeding, and that a defendant is entitled to raise constitutional challenges to a sentence by making a collateral attack under 28 U.S.C. § 2255).

Amendment 750 retroactively lowered the sentencing range applicable to crack cocaine offenses by revising the crack cocaine quantity tables listed in U.S.S.G. § 2D1.1(c).  U.S.S.G. App. C, amend. 750 (2011).  Following Amendment 750, a defendant responsible for at least 28 grams, but less than 112 grams, of cocaine base has a base offense level of 26.  U.S.S.G. § 2D1.1(c)(7). The FSA reduced the mandatory-minimum penalties for crack cocaine offenses in § 841(b) as to offenders who committed crack cocaine offenses before its August 3, 2010, effective date, but who were not sentenced until after that date.  *Dorsey*, 567 U.S. at ___, 132 S.Ct. at 2326; *Berry*, 701 F.3d at 377.  Following the FSA, a defendant who commits an offense involving 28 grams or more of cocaine base after a prior conviction for a felony drug offense is subject to a mandatory minimum sentence of ten years, and a maximum sentence of life imprisonment.  21 U.S.C. § 841(b)(1)(B).  The Guidelines provide that a court may sentence a defendant anywhere within the applicable guideline range except that the sentence imposed must not be less than the statutorily required minimum sentence.

U.S.S.G. § 5G1.1(c)(2).  Thus, if a defendant's sentence is based on a § 841(b) mandatory minimum that is above the applicable guideline range, Amendment 750 does not lower the defendant's guideline range and the defendant is not eligible for a § 3582(c)(2) reduction.  *Berry*, 701 F.3d at 376.

Here, Prevo was sentenced after the FSA's effective date for an offense committed prior to the FSA's effective date, and, thus, he was subject to the FSA's reduced statutory penalties for crack cocaine offenders.  *See Dorsey*, 567 U.S. at ___, 132 S.Ct. at 2326.  At sentencing, the district court correctly determined that Prevo was subject to an enhanced 10-year statutory minimum in § 841(b)(1)(B) under the provisions of the FSA because his offense involved more than 28 grams of cocaine base and he had several prior felony convictions for drug offenses.  Although Amendment 750 reduces Prevo's § 2D1.1 offense level, it does not reduce his advisory guideline range below the statutory mandatory minimum.  *See* U.S.S.G. § 5G1.1(c)(2).  Thus, because Prevo is serving a mandatory-minimum sentence, the district court correctly denied his § 3582(c)(2) motion, as Amendment 750 did not have the effect of lowering his guideline range.  *See* 18 U.S.C. § 3582(c)(2).

Prevo's arguments regarding the application of the FSA to his § 3582(c)(2) proceedings are meritless because the district court at sentencing used the FSA to determine his statutory penalties, and, thus, he was sentenced pursuant to the FSA.

Likewise, the government correctly notes that Prevo mistakenly believes his statutory sentencing range was 5 to 40 years under § 841(b)(1)(B), as he failed to account for the § 851 enhancement that was filed during his criminal proceedings. Additionally, Prevo's argument based on *Alleyne* does not provide any basis for § 3582(c)(2) relief because a district court may not consider extraneous constitutional challenges to a sentence during a § 3582(c)(2) proceeding. *See Dillon*, 560 U.S. at ___, 130 S.Ct. at 2691-92; *Bravo*, 203 F.3d at 781-82.

Accordingly, the government's motion for summary affirmance is GRANTED, the judgment of the district court is AFFIRMED, and the government's motion to stay the briefing schedule is DENIED as moot.